W. H. WARE v. SHAFER & BRADEN.

No. 225.

Pleading—Unlawfully Placing Obstruction.

Action for damages from injuries to plaintiff in falling over obstructions "*unlawfully, carelessly,* and *negligently* placed by defendants upon a sidewalk in city of San Antonio." *Held,* that such allegation complained of the *manner* of placing the obstructions, and did not involve want of authority from the city. It was not error, therefore, to refuse an instruction involving want of authority from the city to place the obstructions at the place alleged.   46

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Bexar County.

Suit for damages for unlawfully, etc., placing obstructions upon sidewalk, to injury, etc.   Plea, general denial and contributory negligence. Verdict and judgment for defendants, which was affirmed in the Court of Civil Appeals.

The petition for writ of error complained: "1. The Court of Civil Appeals erred in its opinion, in holding that this action is based alone upon the negligence of said defendants for their failure to perform a duty in properly protecting the public from injury from the lawfully authorized obstruction on the sidewalk; because (1) petitioner charged said defendants in his petition with having unlawfully gone upon a public street and sidewalk and made and left there a dangerous and unlawful obstruction; and said defendants do not set up in answer to said allegation, that they had permission from the proper public authorities to lawfully go upon and lawfully obstruct said public sidewalk; (2) in the absence of any pleading and proof of authority by defendants to go upon and place said obstruction upon said public sidewalk, the presumption is not that they had authority, but that they had no authority to obstruct said sidewalk, or to use it for any other purposes than those to which it had been dedicated, and for which it had been and was being used.

"2. The court erred in sustaining the trial court in its refusal of the special charge [see opinion] asked by plaintiff; because plaintiff in his petition had charged defendants with having unlawfully gone upon said public street and sidewalk and made and left there a dangerous and unlawful obstruction; and in the absence of any pleadings and proof of permission or authority from the proper authorities to defendants, the presumption is that they had none. Without permission, defendants' acts were unauthorized, the obstructions were unlawful, and therefore a public nuisance, and defendants were liable, regardless of any question of negligence on their part, to any one injured thereby while in the exercise of ordinary care and prudence."

*William Aubrey* and *R. F. Blair,* for plaintiff in error, cited Irvine v. Wood, 51 N. Y., 225; City Charter, secs. 57–60, 253 (Special Acts Leg., 1870); Railway v. Gasscamp, 69 Texas, 545; Creed v. Hartman, 29

N. Y., 591; same case, 86 Am. Dec., 341; Garrison v. New York, 5 Bosw., 503; Robbins v. Mount, 33 How. Pr., 34; Cool. on Torts, 626; Congreve v. Smith, 18 N. Y., 79; Dreiss v. Frederick, 73 Texas, 460; Robbins v. Chicago, 4 Wall., 657; Congreve v. Morgan, 72 Am. Dec., 496; Kimball v. Bath, 61 Am. Dec., 243; Stephane v. Brown, 40 Ill., 428; Sexton v. Zett, 44 N. Y., 431; Dickinson v. Mayor, 92 N. Y., 585; City of Galveston v. Posnainsky, 62 Texas, 120.

*S. G. Newton* and *Upson & Bergstrom*, for defendants in error, cited Sayles' Stats., art. 1319; Tucker v. Hamlin, 60 Texas, 171; Driess v. Frederick, 73 Texas, 460; Railway v. Levi, 59 Texas, 674; Shearm..& Redf. on Neg., secs. 290, 360, 365, 391; Nolan v. King, 97 N. Y., 565; Muller v. McKesson, 73 N. Y., 204; Irvine v. Wood, 51 N. Y., 228; Clifford v. Dam, 81 N. Y., 56; Sexton v. Zett, 44 N. Y., 431; Creed v. Hartman, 29 N. Y., 591; Congreve v. Smith, 18 N. Y., 82.

BROWN, ASSOCIATE JUSTICE.—Ware sued Shafer & Braden to re-cover damages for personal injuries alleged to have been occasioned by an obstruction placed by them upon a sidewalk on Commerce street, in the city of San Antonio. Upon a trial before a jury a verdict and judgment were given against the plaintiff, and this judgment was af-firmed by the Court of Civil Appeals.

The only question presented is, that the court erred in refusing to give the following charge asked by the plaintiff: "You are instructed, that Commerce street was at the time of the alleged injury to plaintiff a public street and highway in the city of San Antonio, under the ex-clusive control and power of the mayor and council of said city, and if you believe that defendants interfered with said street and sidewalk, substantially as charged by the plaintiff, then you are charged that the law makes defendants liable as trespassers to any one injured, while exercising ordinary care, by reason of such interference with said street and sidewalk, unless defendants show that they had permission from said authorities to so interfere with said street and said sidewalk."

The correctness of the action of the court depends upon the construc-tion to be placed upon the plaintiff's petition. We copy so much as is necessary to determine the question, as follows:

"That heretofore, to wit, on the 19th day of November, 1891, said defendants unlawfully, carelessly, and negligently placed over, upon, and across a certain sidewalk in the city of San Antonio [describing the place, which we omit] two pieces of timber about two inches in thickness, and one plank about twelve inches in width, about six feet in length, and about one inch in thickness, and then and there left the same upon and across said pavement, and then and there and thereby leaving upon and across said sidewalk, at the place aforesaid, a dan-gerous and unlawful obstruction of about the height of three inches.

"That said defendants made and left said dangerous and unlawful obstruction at the place aforesaid, and negligently and carelessly and

unlawfully failed and neglected to keep or place at or near said dangerous obstruction any light or other danger signals to warn or notify the public passing that way of the existence of such obstruction, then and thereby rendering the use of such sidewalk, by reason of such obstruction and in the absence of such light or danger signals, hazardous to said citizens and said general public using said sidewalk."

There were allegations of a similar nature in other portions of the petition, but the above shows the character of the petition. Plaintiff in error claims that these allegations presented two issues; first, that the defendants placed the obstructions upon the sidewalk without obtaining authority from the city of San Antonio, and was therefore liable for injuries to any person that might be injured thereby while travelling upon said street who was not guilty of negligence; second, that the obstruction was negligently placed there, that is, it was negligently constructed so as to be dangerous, and defendants were negligent in not guarding it and giving warning (if they had permission from the city), and therefore were liable.

The object of pleading is to notify the opposite party of what it is expected to prove as the ground of plaintiff's action or the defendant's defense, so that he may prepare for the trial of the issues thus tendered. Lemmon v. Hanley, 28 Texas, 220.

To determine whether or not a pleading presents a certain issue, it is a safe rule to look at the pleading from the standpoint of the party against whom it is exhibited, and ascertain if the allegations are sufficient to notify him that the evidence offered will be produced, or that he will be called upon to present evidence to meet it.

Judged in this way, we do not think that the plaintiff's allegations would notify the defendants that plaintiff would rely upon the fact that they had placed the obstruction upon the street without authority from the city, and therefore that they would be required to establish that they had such permission. If the plaintiff desired to rely upon that ground of liability, it should have been alleged. There is nothing in the petition that would be out of place in a suit upon the ground of negligence in the manner of placing an authorized obstruction there and negligently failing to guard against injuring persons who might not know of its existence. The word "unlawfully" might well be used in the connection that it was, and apply to the manner of doing the thing and not the right to do it. A lawful act may be done in an unlawful manner. The pleading, as the words are connected, mean that the act was done in an unlawful manner, a negligent manner, a careless manner.

The petition did not present the issue of want of authority, and the court did not err in refusing the charge. The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*

Delivered February 11, 1895.

DENMAN, Associate Justice, did not sit in this case.