### FRANK KEPPERT V. AULTMAN, MILLER & CO.

Decided March 20, 1901.

**Sale—Action for Price—Tender of Goods.**

   If a vendor of personal property can ever, in this State, maintain an action for the purchase price against a purchaser who refuses to receive the goods and carry out the contract, it can only be upon tender of the specific property unincumbered by any lien, or waiver of such tender.

Appeal from the County Court of Milam. Tried below before Hon. W. M. McGregor.

*Henderson, Streetman & Freeman,* for appellant.

*Morrison & Wallace* and *N. H. Tracy,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellees sued appellant for the contract price of a certain binder. From a judgment against him appellant has appealed, and we sustain his fourth proposition under his first, second, fifth, tenth, and eleventh assignments of error. The proposition referred to is this: "If the vendor in a contract of sale of personal property can ever maintain an action for the purchase price, when the vendee refuses to comply with the terms of the contract, he can not do so unless he tenders to the vendee the article sold unincumbered by any lien."

The uncontradicted testimony shows that appellees shipped two binders to their agent, Lee Clark, at Rockdale, Texas; that the freight charges on the entire shipment were $117.85; that after the shipment arrived at Rockdale appellant repudiated the contract, and stated that he would not pay the freight nor receive the binder; that at the time of trial the railroad company was still in possession of both binders, holding them for the freight charges referred to and for storage, and that neither binder would be delivered to appellant, Clark, or anyone else, until the entire charges for storage and freight upon both binders were paid.

From this it will be seen that if appellant should tender to the rail-

road company half the freight charges due for the transportation of the two binders, the company would not deliver either binder to him. Therefore, if for no other reason, appellees are not in a position to maintain an action to recover the contract price. If such right exists at all in this State, there must either be a tender by the plaintiff of the specific property, or a waiver of such tender, and the property must be free from incumbrance and in such condition as that the judgment of the court will have the effect of establishing the defendant's title and right of possession thereto. The undisputed testimony coming from both sides shows that appellees are not entitled to maintain this action, and for this reason the judgment will be reversed and here rendered.

Whether or not they have a right of action for damages is a question we are not called upon to decide, as the suit was brought for the contract price of the property and not for damages.

The judgment of the County Court will be set aside and judgment here rendered for appellant.

*Reversed and rendered.*