THOMAS H. DOANE *vs.* ANNIE E. SIMMONS *et al.*

OCTOBER 14, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Auditors. Exceptions. Waiver.*

While neither the legislature, nor litigants, can deprive the Supreme Court of its final revisory and appellate jurisdiction conferred by article XII, of the amendments to the constitution, yet parties may, by agreement, divest themselves of the right to invoke the jurisdiction of the court.

Both the right to claim a jury trial and to take exceptions may be waived.

Under the provisions of C. P. A., sections 422, 423, the decision of the Superior Court upon an auditor's report is final and not subject to exception, where the reference was by agreement of all the parties.

DEBT. Heard on plaintiff's motion to dismiss defendant's bill of exceptions, and granted.

DUBOIS, C. J. This is an action of debt brought in the Superior Court, upon a building contract under seal. The defendants pleaded the general issue. Upon the twenty-seventh day of April, 1908, the following agreement was entered into:

"PROVIDENCE, SC.            SUPERIOR COURT,
"April 27, A. D. 1908.

"THOMAS H. DOANE,
       *vs.*           } No.
"ANNIE E. SIMMONS *et al.*

"In the above entitled cause it is agreed that the following entry be made: Referred to James C. Collins, Jr., as auditor.

"IRVING CHAMPLIN,
          "*Pffs. Attys.*

"WATERMAN, CURRAN & HUNT,
          "*Defts. Attys.*"

and on the same day the following was entered as the order of court:

"STATE OF RHODE ISLAND,
" PROVIDENCE, SC.                         SUPERIOR COURT.

"THOMAS H. DOANE,
           *v.*          } Law No.
" ANNIE E. SIMMONS *et al.* }

" In the above entitled cause it is hereby ordered, adjudged, and decreed that James C. Collins, Jr., be and he hereby is appointed auditor in said cause, to hear the parties, examine their vouchers and evidence, state accounts, and that he be and he hereby is authorized and directed to make his report upon the matters at issue in said cause within forty-five days from the date of the entry of this decree and that he be and he hereby is authorized to employ a stenographer to take the testimony in said cause and to transcribe said testimony and he is hereby directed to file said testimony so transcribed with his report.

" Enter. April 27, 1908, Charles F. Stearns, J.

          " Entered as the order of Court, April 27, 1908.
                      " H. M. PAINE,
                         " *Asst. Clk.*"

Thereupon a commission was duly issued to Mr. Collins and he was engaged thereon and proceeded to hear the parties and made his report to said court. To this report both plaintiff and defendants filed exceptions, and the same were heard and considered by the presiding justice of the Superior Court, who overruled all the exceptions and confirmed the report of the auditor. To this decision the defendants have attempted to except and have filed their bill of exceptions, which has been allowed by the presiding justice as follows: "April 9, 1910. Bill of exceptions allowed. Plaintiff's objection to allowance as specified in writing noted." The plaintiff's objections to the allowance of defendants' bill of exceptions reads as follows:

"PROVIDENCE, SC.                    SUPERIOR COURT.

"THOMAS H. DOANE, ⎱
        *vs.*          ⎰ No. 22998.
"ANNIE E. SIMMONS *et al.* ⎰

"And now, before the allowance of the defendants' bill of exceptions in the above entitled case, the plaintiff objects thereto, and to the allowance thereof, or any part thereof, for the following reasons:—

"1. Because no justice of said court has any lawful right to allow the same.

"2. Because said bill of exceptions was not lawfully filed.

"3. Because none of the exceptions stated in said bill was lawfully taken.

"4. Because the decision of the presiding justice of the Superior Court, mentioned in said bill of exceptions, is final, as appears by the statute in such cases made and provided.

"5. Because no right exists for the prosecution of a bill of exceptions in said case.

"THOMAS H. DOANE,
        "by his Attorney,
            "Irving Champlin."

The case was heard upon the plaintiff's motion to dismiss the defendants' bill of exceptions, which motion is based upon the foregoing objections.

This squarely raises the question: Is the decision of the Superior Court final and conclusive, or can it be reviewed by this court on exceptions? There can be no question that since the passage of article XII of amendments of the constitution of the State, this court has "final revisory and appellate jurisdiction of all questions of law and equity." Neither can there be any question that the defendants may avail themselves of every right they have to invoke the jurisdiction of this court. Nothing that the legislature may do can deprive this court of the jurisdiction thus conferred. Nothing that the parties can do will operate so as to deprive the court of its jurisdiction. Yet the parties may by agreement divest themselves of the

right to invoke the jurisdiction of this court. The right to claim a jury trial may be waived and also the right to take exceptions may be waived; and when the loss of either right results from his waiver thereof, a party has no right to complain, for waiver is the intentional relinquishment of a known right, or such conduct as warrants the inference of the relinquishment of such right. 29 Am. & Eng. Encyc. Law, 1091, and cases cited. The right to claim a jury trial and to take exceptions were known rights of the defendants and were therefore the subjects of waiver. By the terms of the statute, C. P. A. § 422, "The court, upon the reception of the report, if no cause be shown against the allowance of the same, shall render a decision thereon which shall be final, unless within two days thereafter the plaintiff or defendant shall, in writing, file with the clerk of the court in which said cause is pending a demand for jury trial, if the same has not been waived." It thus appears that the *only* way to avoid the finality of the decision of the Superior Court rendered upon an auditor's report is to file a written demand for jury trial within two days thereafter. But it also appears that this can not be done where jury trial has been waived. The same statute further provides: "SEC. 423. Every reference to referees or auditors under the provisions of this chapter, when made by agreement of all the parties, shall be deemed a waiver of any claim for jury trial." This is notice to all parties to a suit that if they so desire they may agree to refer the case to referees or auditors, and by so doing make the decision of the Superior Court upon the report final and conclusive in the matter. It is a warning to parties not to agree unless willing to incur the consequences of such agreement. So parties entering into an agreement of this kind can fairly be said to have intentionally relinquished certain known rights, viz., the right to claim a jury trial, and the right to take exceptions to the rulings of the Superior Court. It is not for us to say that a claim for jury trial after decision upon an auditor's report is an inappropriate or inconvenient method of procedure; that is a legislative question and not a judicial one. A demand for jury trial is the way provided by

the legislature to bring in question the decision of the Superior Court upon the report of an auditor.   As the parties have seen fit, by their own voluntary agreement, to permanently close against themselves the only avenue of escape from the decision of the Superior Court, they have no just cause for complaint. They selected and elected their own ultimate tribunal and must abide by the result.   See *Blanding* v. *Sayles*, 21 R. I. 211 and 23 R. I. 226.

The plaintiff's motion is therefore granted and the defendants' bill of exceptions is dismissed, and the case is remitted to the Superior Court for further proceedings.

*Irving Champlin*, for plaintiff.
*Waterman, Curran & Hunt*, for defendants.