### BROUSSARD v. MAYUMI et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 15, 1912. Rehearing Denied Feb. 22, 1912.)

1. TRESPASS TO TRY TITLE (§ 32*)—PLEADING—SCOPE.

Where plaintiff's amended petition in trespass to try title alleged that he had conveyed land to defendant as containing a certain number of acres, under a contract providing that defendant should pay him for any excess acreage, and that there was an excess to which plaintiff was entitled and prayed that title and possession of the excess be decreed to him, the petition, though it contained a prayer for general relief, did not entitle plaintiff to recover compensation for the excess, defendant not having offered evidence rebutting plaintiff's right to such compensation.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

2. PLEADING (§ 34*)—CONSTRUCTION AGAINST PLEADER.

The pleadings of a party must be taken most strongly against him.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 66; Dec. Dig. § 34.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by A. E. Broussard against J. H. Hoopes and Yoshio Mayumi. From a judgment for defendants, plaintiff appeals. Affirmed.

Dougherty & Gordon and J. M. Conley, for appellant. Orgain & Butler, for appellee Y. Mayumi. Smith, Crawford & Sonfield, for appellee Joseph H. Hoopes.

McMEANS, J. March 13, 1907, A. E. Broussard brought this suit against J. H. Hoopes and Yoshio Mayumi in the statutory form of trespass to try title to 402 acres of land described by metes and bounds, part of the David Burrell league in Jefferson county, saving and excepting therefrom an undivided interest of 279 acres. The amended petition, on which the case went to trial, after the description of the land and the usual allegations in suits of trespass to try title, contained the following allegations and concluded with the following prayer: "Plaintiff further represents to the court that here-

tofore, to wit, on the 7th day of April, 1899, plaintiff and defendant J. H. Hoopes made and entered into a contract whereby plaintiff agreed to sell to said J. H. Hoopes the tract of land hereinbefore described for the consideration of $5.50 per acre, and in pursuance of said agreement, the plaintiff, on said date, executed and delivered to the defendant J. H. Hoopes a certain deed of conveyance wherein and whereby plaintiff conveyed to the said J. H. Hoopes a tract of land hereinbefore described, which said deed of conveyance is recorded in volume 27, on page 244, of the Deed Records of Jefferson county, Texas, and a true and correct copy of said deed is hereto attached, marked Exhibit 'A,' and made a part of this petition, and defendant Hoopes paid plaintiff $5.50 per acre for 279 acres of land. Plaintiff alleges in this connection that before and at the time of the execution and delivery of said deed the exact acreage in said tract of land was unknown to plaintiff, and plaintiff and defendant J. H. Hoopes could not agree upon the acreage in the tract of land hereinbefore described in the deed hereinbefore mentioned, and simultaneously with the execution and delivery of said deed by plaintiff to the defendant J. H. Hoopes on April 7, 1899, plaintiff and defendant J. H. Hoopes made and entered into a written contract or agreement wherein and whereby it was agreed and understood that the acreage described in and called for by said deed, hereinbefore mentioned, should not be binding upon either party to said conveyance, but that thereafter the said tract of land should be surveyed out and the acreage in the same manner should be ascertained and determined, and that the defendant J. H. Hoopes should, after the said tract had been surveyed and the acreage therein determined, pay to the plaintiff the sum of $5.50 per acre for any excess in said tract of land over and above 279 acres, and it was contemplated and understood by and between the parties to said deed that title to only 279 acres of the land should pass to and vest in the said J. H. Hoopes by said deed of conveyance; that after the execution and delivery of said deed and after making and entering into the said written contract simultaneously with the execution of said deed, plaintiff was never afterwards able to have the said land surveyed and the acreage therein ascertained until on or about the 1st day of February, 1907, that on or about the said 1st day of February, 1907, plaintiff had the said tract of land surveyed and the acreage therein ascertained, and plaintiff alleges and shows to the court that in truth and in fact the said tract of land contains 402 acres of land instead of 279 acres of land, as called for by the said deed, and plaintiff further represents to the court that the said J. H. Hoopes, after the acreage in said tract of land was ascertained and determined, failed and refused, and still fails and refus-

144 S.W.—21

es, to pay to the said plaintiff said $5.50 per acre for the excess in said tract of land as he had agreed and bound himself to do by the said written agreement made and entered into with plaintiff on the 7th day of April, 1899. Therefore plaintiff prays that defendants be cited to appear and answer this petition; that on final trial hereof he have judgment against the defendants for the title to and possession of the hereinbefore described tract of land, less 279 acres undivided thereof, conveyed by the said deed of April 7, 1899, for partition, for any damages and all costs of suit, and for any other and further relief to which he may be entitled, general or special, in law or equity, and as in duty bound will ever pray."

The defendants answered by general denial and plea of not guilty, and the defendant Yoshio Mayumi by special answer alleged that he had acquired the land in controversy by purchase from his codefendant Hoopes under a deed of general warranty of date December 18, 1905, for a valuable consideration, without notice or knowledge of any excess in the tract sued for, or of the agreement between plaintiff and Hoopes, or that plaintiff had any claim to the land, and that he was therefore an innocent purchaser for value; and by way of cross-action against his codefendant Hoopes set up the covenants of warranty in his deed and prayed for judgment thereon over against his codefendant for the purchase price of the land in the event plaintiff recovered the tract sued for.

A trial before the court without a jury resulted in a judgment for defendants. The trial judge was not requested to, nor did he, file his findings of fact and conclusions of law, but the ground upon which the judgment was rendered, as stated in the decree, is "because the court is of the opinion that the plaintiff has heretofore conveyed all of the land sued for to the defendant J. H. Hoopes." From this judgment plaintiff has appealed.

The contract between plaintiff and Hoopes was introduced in evidence and substantially sustained the allegations of the petition in reference thereto.

[1] The only question presented for the decision of this court under appellant's assignments of error is this: Granting that the proof showed the tract of land conveyed by plaintiff to Hoopes contained more than 279 acres, should the court, under the pleadings of plaintiff and the prayer for general relief, after having rendered judgment for defendants for the land, have rendered a personal judgment against defendant Hoopes for $5.50 for each acre of the excess?

The issue made by the pleadings of plaintiff was only his right to recover of defendant all the land in the tract described in excess of 279 acres. It is true he sets out the agreement whereby the defendant Hoopes agreed to pay him for any such excess at

the rate of $5.50 per acre, but, according to our construction of this part of his pleading, the agreement was alleged for the purpose of showing by what right the pleader claimed to be entitled to the excess, and this seemed to be in mind of the plaintiff when the pleading was drawn, for, in alleging the purpose of entering into the agreement, he says, "It was intended and understood by and between the parties to said deed that title to only 279 acres of the land should pass to and vest in the said J. H. Hoopes by said deed of conveyance." The specific relief asked is for the title and possession of the tract, less 279 acres, and for partition and damages.

[2] It is a familiar rule of pleading that the pleadings of a party must be taken most strongly against him, and, if in thus viewing the pleadings the action of the court below was correct, its judgment must be sustained. Hill v. Allison, 51 Tex. 392; Abernathy v. Stone, 81 Tex. 435, 16 S. W. 1102. The object of pleading is to notify the opposite party of what it is expected to prove as the ground of plaintiff's action and of the relief sought, so that the defendant may prepare for the trial of the issues thus tendered. Ware v. Shafer, 88 Tex. 46, 29 S. W. 756; Lemmon v. Hanley, 28 Tex. 220. To determine whether or not a pleading presents a certain issue, it is a safe rule to look at it from the standpoint of the party against whom it is exhibited and ascertain if the allegations are sufficient to notify him that evidence upon a certain point will be produced, or that he will be called upon to present a defense and evidence to meet it. Ware v. Shafer, supra.

Judged in this way, we do not think that the plaintiff's allegations were sufficient to notify the defendant Hoopes that he was seeking a judgment against him for the value of the excess of the land in the event a recovery of the title of such excess should be denied him. It was certainly not so understood by the trial judge, for in rendering judgment for defendant he ignored any such issue as having been presented by the amended petition. It is manifest that it was not so understood by the defendant, for he interposed only such defenses as were applicable in a suit for the recovery of the excess of land and none whatever to resist the recovery of the value of such excess. The suit being expressly for the recovery of the entire tract, less the 279 acres, and the prayer for specific relief being in conformity to the express object of the suit, we do not think under the facts of this case the plaintiff should have been allowed a recovery of the value of the excess on the contract pleaded under his prayer for general relief. We cannot distinguish this case from Crawford v. Stevens, 31 S. W. 79. In that case plaintiff sued the defendant to cancel a deed to cer-

tain real property on the ground of plaintiff's mental incapacity and of fraud practiced upon her to induce her to execute it. It was alleged that defendant agreed, in consideration of the deed, to erect for her upon another lot a house to be worth $3,500, and to make an addition worth $500 to an old house owned by her, so that they would rent for $75 per month; that he built a house worth only $700, and made addition to the other worth only $150; and that they would not rent for the sum stated. The special prayer was for a cancellation of the deed and recovery of the land and rents, and other relief incident to such a judgment. There was also a prayer for general relief. Under a charge permitting it, the jury returned a verdict for defendant as to the lot, but for plaintiff for $800, the difference between the value of the work which he did and that which he agreed to do. Associate Justice Williams, delivering the opinion of the court, says: "The charge and the verdict are assigned as error as not being warranted by the pleadings, and we are of the opinion that the assignment is well taken. Under a general prayer, such relief as the court finds a party entitled to, under the facts alleged, may be granted, regardless of the special prayer, but relief cannot be granted which is inconsistent with the case made by the pleadings. The suit here was to set aside the deed and to recover the property. The verdict and judgment have the effect to affirm and enforce the contract sought to be set aside. The relief sought by the action is inconsistent with that granted, and there is no alternative prayer to sustain the result reached. Trammell v. Watson, 25 Tex. Sup. 210."

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.