## ROBERTS v. HOUSTON MOTOR CAR CO.
### (No. 7212.)

(Court of Civil Appeals of Texas. Galveston. May 13, 1916. Rehearing Denied June 1, 1916. Additional Opinion, Oct. 10, 1916. Rehearing Denied Oct. 19, 1916.)

1. JUDGMENT ⬷252(5)—ACTION FOR RESCISSION—RECOVERY—DAMAGES TO AUTOMOBILE —PLEADINGS.

In an action on notes given for the purchase price of an automobile, and to foreclose a chattel mortgage, where the defendant filed an answer and a cross-bill for personal injury to himself and wife by reason of the negligence of the plaintiff's employé furnished to instruct him in operating the automobile, asking a rescission of the sale and a cancellation of the notes, a recovery for the damages to the automobile, in the absence of an alternative plea and prayer, could not be recovered under the prayer for general relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. ⬷252(5).]

2. DAMAGES ⬷221—PERSONAL INJURY—SPECIAL ISSUES.

In such action, where there was no proof of any amount paid or incurred by defendant for drugs for himself and wife, a requested special issue as to the amount which he had spent for doctors, drugs, etc., in the treatment of himself and wife as a result of the injury sustained by them was properly refused in that form.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 563–566; Dec. Dig. ⬷221.]

3. TRIAL ⬷261—REQUESTED CHARGES—NOTICE OF OMISSION—DUTY TO CHARGE.

Such special issue, though erroneous, was sufficient to call the court's attention to the omission in the general charge, and to require the submission of an instruction upon the material issue of expenditures incurred for doctors, hospital, drugs, etc., under the rule that, when the court fails to charge on a material issue, and a special charge, incorrect, but sufficient to call the court's attention to the omission, is requested, it should submit a proper instruction on that issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. ⬷ 261.]

4. TRIAL ⬷286—INSTRUCTION—SCOPE.

In such case, a general charge to ascertain what amount would compensate the defendant for the injury to himself and wife on account of the overturning of the car would include all injury, past or future, proximately resulting from the alleged negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 700, 701; Dec. Dig. ⬷286.]

5. TRIAL ⬷284—INSTRUCTIONS—ADDITIONAL INSTRUCTION.

Where defendant, by not excepting to a charge, was to be considered as having approved it, as provided by Rev. St. 1911, art. 1971, he was in no position to ask an additional charge, presenting more fully the issues embraced in the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 683–685; Dec. Dig. ⬷284.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by the Houston Motor Car Company against Max Roberts, with answer and cross-bill by defendant. Judgment for plaintiff, less an allowance to defendant, and for foreclosure of a mortgage lien upon an automobile, and defendant appeals. Affirmed.

Otto Taub, of Houston, for appellant. E. P. & Otis K. Hamblen, of Houston, for appellee.

McMEANS, J. The Houston Motor Car Company brought this suit against the appellant, Max Roberts, on 17 promissory notes executed by appellant to it, aggregating $1,710.12, with interest and 10 per cent. attorney's fees, and an open account for $12. The notes were given in part payment for an automobile purchased by appellant from appellee, and were secured by a chattel mortgage on the automobile, of which mortgage appellee sought a foreclosure. Appellant filed his answer and cross-bill, in which he alleged, in substance, that on July 17, 1914, he purchased an automobile from appellee, paying therefor $2,210.12; $500 cash and $1,710.12 in notes; that in order to induce appellant to purchase said car, and as a part of the consideration of said purchase, appellant agreed, as was the custom and its policy, to furnish at its expense a capable and skillful person to instruct appellant how to operate, manage, and control said car, and to drive same for appellant until he learned to do so, appellant being wholly ignorant of the construction of the car, and without knowledge concerning its control and operation; that in pursuance of the purchase, agreement, custom, and its policy, appellee furnished one Ostrich, selected by appellee, for the purposes stated, and represented by appellee to be thoroughly capable as an instructor, and safe and skillful as an operator; that said Ostrich gave appellant instructions in operating said car on each of the three days after its purchase; that on the third day, viz. on July 19, 1914, while appellant and his family, including his wife, were in said car, and while said Ostrich was actually driving and operating said car for appellant's instruction, said Ostrich drove said car carelessly and negligently, and at an excessive rate of speed, and turned same over, wrecking it and causing its occupants to be thrown to the ground with great force and violence; that as the proximate cause of the negligence of appellee's agent and employé, appellant and his wife sustained serious bodily injuries; that appellant has reasonably and necessarily incurred the sum of $200 for services of physicians and nurses and hospital fees and drugs, and will likely have to incur further expense in the treatment of his wife, prior to her entire recovery, and that appellant sustained damage to the said car by reason of the wrecking thereof, but does not know the amount of such damage, for the reason that appellee has retained custody and control of same since the wrecking thereof, and the amount in which the car was damaged is peculiarly within the knowl-

edge of appellee; that by reason of the premises, and as a direct result of the injuries sustained by appellant and his wife, he had been damaged in the sum of $7,500. The answer closed with the following prayer:

"Wherefore, premises considered, defendant prays that plaintiff take nothing by its suit; that he have judgment against plaintiff, rescinding said sale and canceling the notes sued upon herein, and for the sum of $500 paid plaintiff in cash at the time of the purchase of said car, together with lawful interest on said sum, and for damages in the sum of $7,700, and for such other and further relief, general and special, in law and in equity, as defendant may show himself entitled to."

The case was tried before a jury upon special issues, in response to which they found: (1) That at the time of the overturning of the car Ostrich was present as an agent and employé of the appellee for the purpose of showing appellant how to drive the car; (2) that he was driving the car at the time it was overturned; (3) that the car ran into a ditch on account of the negligent manner in which he drove the car; (4) that such negligence of Ostrich was the proximate cause of the overturning of the car and the injury to appellant and his wife; and (5) that the sum of $500 would compensate the appellant for the injuries sustained by appellant and his wife on account of the overturning of the car. Upon these findings the court entered judgment in favor of the appellee for $1,535.68, being the face value of the notes sued on, including interest to the date of judgment and 10 per cent. attorney's fee on such principal and interest, less $500 awarded to the appellant, and for foreclosure of the mortgage lien upon the automobile. From this judgment the appellant has presented an appeal to this court.

[1] Appellant's first assignment of error is as follows:

"The court erred, to the prejudice of defendant, in excluding, over the objection of plaintiff, evidence offered by defendant as to the nature and extent of the damage done to the car, the particulars in which the same was damaged, and the reasonable cost of repairing such damage."

We think the court did not err in rejecting the testimony offered to prove the extent of the damage done to the car, for the reason that the pleading of the appellant was not such as to make the question of such damage an issue in the case. The prayer was for a rescission of the sale and a cancellation of the notes, and not for such damages as were sustained by the wrecking of the automobile. True appellant alleged that he sustained damages to said car by reason of the wrecking thereof, but a recovery of such damages was not prayed for, unless such a prayer was comprehended in the prayer for general relief; and we think that under the peculiar allegations of the answer and the special relief sought, which, as above stated, was for rescission and cancellation, a recovery for the damages sustained to the automobile would be inconsistent with the case made by his pleadings, and therefore, in the absence of an alternative plea and prayer, could not be recovered under the prayer for general relief. Broussard v. Mayumi, 144 S. W. 320; Crawford v. Stevens, 31 S. W. 79. The assignment is overruled.

[2, 3] The second assignment complains of the refusal of the court to submit to the jury the fourth special issue requested by appellant, which is as follows:

"What amount of money, if any, has defendant reasonably expended for doctor's, hospital, nurse's, ambulance, and drug bills, in the treatment of himself and wife, as the result of the injuries sustained by them?"

Upon the issue as to the expenses necessarily incurred by appellant, by reason of the injuries sustained by himself and wife on account of the overturning of the car, the appellant testified as follows:

"I do not know exactly how much money I spent for doctor's and drug bills, hospital and ambulance bills, thus far, for myself and wife in treating the injuries I sustained on that day, but in the neighborhood of $200. I remember a bill came in—I couldn't remember the amount, but can tell who paid them, and I expect I can hustle up those bills. You want me to give you an idea of what those items were. Well, as near as I remember, the ambulance people handed me a bill for two removals, of about $15, I think. The St. Joseph Infirmary sent in a bill somewhere in the neighborhood of that amount—about $12.50 or $15 I really don't remember which, as that has been nearly a year ago. That is my best recollection of it. Then, I remember Dr. Boney charged me $15. I remember that. And Dr. Haley waited on us, off and on, a couple of weeks or so, and I think his bill was over $50 or $60. I don't remember, as I paid him two or three times. I also paid drug bills, but I couldn't say how much. I cannot give you any idea how much drug bills I paid; some of it I sent down cash for during the time we were sick, and some we had charged, and I really don't know what the bills were. I also paid nurses for attending my wife, $25 for the first week; she was there a solid week. These bills I have paid were the reasonable value for the services rendered, according to my idea about it."

We think that the charge should not have been given in the form in which it was requested. It will be observed that the expense of drug bills was included in the requested charge, but that no proof was made of any amount paid or incurred by appellant in that regard; therefore to have submitted that item would have been without any evidence upon which to base it. Railway v. Cook, 33 S. W. 888.

But in his third assignment appellant contends that, even if he was not entitled to have the fourth special issue submitted to the jury in the exact form presented, the special charge operated as a request to give the jury an opportunity to pass upon a proper element of defendant's damages; the court having failed in its charge to submit such element of damages to the jury. We think this assignment must be sustained. The court submitted the measure of damages in the following language:

"You will determine and answer what amount, if paid in hand now, will compensate the de-

fendant, Roberts, for the injuries sustained by him and his wife, if any, on account of the overturning of the car."

Nowhere in the charge were the elements of recovery otherwise stated. It is clear, we think, that the court meant, and the jury must have so understood from the language of the charge, that no recovery could be had except for the personal injuries sustained by appellant and his wife by the overturning of the car, and forbade the jury, by implication at least, to take into consideration the items of expense necessarily incurred by appellant as a result of such injuries, for doctor's, nurse's, hospital, and ambulance bills, the evidence having been sufficient to raise the issue of damages in respect of such items.

The special charge, although erroneous in the particulars above stated, was sufficient to call the trial court's attention to the omission in the general charge, and to require the submission of an instruction upon a material issue raised by both the pleadings and proof. In Olds Motor Works v. Churchill, 175 S. W. 787, the rule is stated to be that:

"When the court fails to charge on a material issue, and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue; and if proper exception is taken to such failure of the court, and a separate assignment is presented, both in the motion for a new trial in the court below and in appellant's brief, he may successfully urge the error of omission in the appellate court. But when the court has submitted a correct general presentation of the issue, if either party desires a fuller charge on that issue, he must tender to the court a correct charge, and, upon his failure to do so, he cannot avail himself of the court's omission."

The rule is supported by a large number of the authorities cited in the opinion.

In this case the court failed to give to the jury any instruction upon certain material issues of damages, although the issue as to them was raised by the pleadings and proof. We think, therefore, that the duty of the court to give such instruction was sufficiently invoked by the tender of the requested charge, and that a failure to charge upon the issue was, under the circumstances of this case, an error for which the judgment must be reversed.

[4] The appellant requested the court to submit to the jury the following two special issues:

"(2) Will defendant's wife hereafter sustain any further suffering as a result of injuries sustained by her?

"(3) If you have answered the preceding special issue No. 2 in the affirmative, then answer this: What amount of money would compensate defendant for the suffering that his wife will hereafter sustain by reason of the injuries sustained by her at the time of the wrecking of said automobile?"

[5] As before shown, the court in its general charge instructed the jury to ascertain and answer what amount, if then paid, would compensate the appellant for the injuries sustained by himself and his wife on account of the overturning of the car. We have construed this charge to be an instruction to find the amount that would compensate appellant for the personal injuries sustained by him and his wife by the overturning of the car. Necessarily this would include all injuries, past or future, that proximately resulted from the negligent act complained of. The charge was not excepted to by appellant, and must therefore be considered as having been approved of by him. Article 1971, Revised Statutes. In this view he was in no situation to ask an additional charge, presenting more fully the issues embraced in the charge given by the court.

We have examined the other assignments presented by appellant, and conclude that they do not point out reversible error. For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

### Additional Opinion.

It will be observed, from what was stated in our original opinion, filed herein on May 13, 1916, that the judgment of the trial court was reversed and the cause remanded solely because of the failure of the court to submit, as an element of recovery, certain items of expenses alleged to have been incurred by the appellant, resulting from injuries sustained by himself and his wife by the overturning of the automobile; this court being of the opinion that the proof thereof offered on the trial was sufficient to require the submission of the issue to the jury. Appellant alleged in his cross-bill that these items amounted to $200. Subsequently to the filing of the opinion, and during the last term of this court, the appellee filed in this court a remittitur of so much of the judgment recovered by it as to equal the total sum claimed by appellant in the regard stated, which remittitur was duly entered in this court, the effect of which was to allow appellant the full amount claimed by him for the expenses so alleged to have been incurred by him. As the cause was remanded solely on account of the failure of the court to submit said items to the jury, and as the remittitur has cured the error of the court's failure to so submit them, and as the case otherwise was correctly tried, it would be a work or supererogation to require the case to be retried in the court below; and for this reason the order of this court, reversing the judgment and remanding the case, has been set aside, and the judgment has been affirmed.

Affirmed.