**JONES v. GALVESTON, H. & S. A. RY. CO. et al. (No. 5810.)**

(Court of Civil Appeals of Texas. San Antonio. March 7, 1917. On Motion for Rehearing, April 4, 1917.)

1. APPEAL AND ERROR &#9758;263(5)—RESERVING GROUNDS FOR REVIEW — EXCEPTIONS TO CHARGE.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), providing exceptions to the charge not made before it is read are waived, and article 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), providing manner of excepting to rulings on instructions, exceptions first made in an amended motion for new trial are insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1521.]

On Motion for Rehearing.

2. CARRIERS &#9758;228(5) — DAMAGE TO LIVE STOCK—SUFFICIENCY OF EVIDENCE.

In action against railroad for damage to mare by rough handling, evidence held to sustain a verdict for defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960.]

3. CARRIERS &#9758;228(1) — DAMAGE TO LIVE STOCK—BURDEN OF PROOF.

Where defendant railroad proved plaintiff delivered mare to it in damaged condition, burden then rested upon plaintiff to show defendants' negligence in handling the defective animal.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957, 958.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Travis F. Jones against the Galveston, Harrisburg & San Antonio Railway Company and another. Judgment for defend-

ants, and plaintiff appeals. Judgment affirmed, and motion for rehearing overruled.

C. J. Gray and Don A. Bliss, both of San Antonio, for appellant. Terry, Cavin & Mills, and Jno. G. Gregg, all of Galveston, Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Ogden and Ed W. Smith, all of San Antonio, for appellees.

FLY, C. J. Appellant sued the Gulf, Colorado & Santa Fé Railway and the Galveston, Harrisburg & San Antonio Railway Company, for the value of a mare, which was shipped from Temple to Edna, Tex., and which, it was alleged, died from injuries received on the train. The suit originated in the justice's court, where judgment was rendered in favor of appellant for $150. On appeal to the county court a jury trial was had resulting in a verdict and judgment in favor of appellees.

[1] No objections were urged to the charge of the court or to special charges requested by appellees and given by the court, and the first and second assignments, which complain of the charges, must be overruled. In article 1971, Revised Statutes 1911, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), it is provided that the court shall submit its charge to the attorneys for inspection, and that any objections thereto must be presented to the court before the charge is read to the jury, and all objections not so made shall be considered as waived. In article 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), it is reiterated that:

"The ruling of the court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

These articles have been considered and enforced in a number of decisions. Railway v. Dickey (Sup.) 187 S. W. 184; Cleburne Street Railway v. Barnes, 168 S. W. 991; Elser v. Putnam Co., 171 S. W. 1052; Railway v. Smith, 172 S. W. 750; Railway v. West, 174 S. W. 287; Modern Woodmen v. Yanowsky, 187 S. W. 728; Roberts v. Houston Motor Co., 188 S. W. 257. Objections to the charge in an amended motion for new trial, filed about two weeks after the trial, did not meet the demands of the statute.

The third and fourth assignments of error question the sufficiency of the evidence to sustain the verdict, but cannot be sustained because appellant did not object to the presentation of the cause to the jury, making no objections to the charge, and making no request to charge the jury to return a verdict for appellant. We will say, however, that there was evidence that would sustain the verdict of the jury.

There is no error presented requiring a reversal, and the judgment is affirmed.

## On Motion for Rehearing.

[2, 3] The evidence shows that on July 19, 1913, a foundered mare, which, according to Reynolds, a witness for appellant, was lame in her front feet, was shipped from Temple to Edna. She was a mare of racing stock, but so badly used up by being foundered that she had been degraded to the menial service of pulling a delivery wagon, but she was eventually discarded for even that service and was "turned back" to appellant by his daughter, to whom he had given the mare. After reaching Edna, she was driven or led 16 or 17 miles to a ranch, where in about a month she died. The son of appellant swore:

"That he thought that a mare in the condition she was in could not stand shipment on a car as well as one that was not lame, and that she would be more likely to fall from the jarring of the car than one that was not lame."

The jury was justified in finding that the condition of the mare when received at Edna was superinduced by her lameness when shipped.

In the case of Railway v. Richmond, 61 S. W. 410, cited by appellant, the cotton was in good condition when delivered to the railway company, and was consumed by fire on the way, and this court very properly held that the presumption of negligence would arise. Such presumption would not arise where a lame mare suffering from founder, shipped in the heat of July, is found in a worse condition when she reaches her destination than when she started, and especially where the son of appellant testified that her lameness would increase her chances of being injured on the way.

The larger part of the argument filed in support of the motion for rehearing is devoted to the latter part of the opinion of this court as to the failure of appellant to object to the charge and failure to request a charge to the jury to return a verdict for appellant, and in order to eliminate that matter we have considered the evidence. That part of the opinion will be withdrawn.

The petition in this case did not specify any acts of negligence, but charged negligence generally, and there is no evidence of negligence other than that arising from the presumption that a sound animal was delivered to the carrier, and an unsound one delivered by it at the point of destination. The jury evidently believed that the prima facie case was destroyed by proof of the damaged condition of the mare when delivered to appellee, and from proof that the condition of the mare made her more liable to be injured. When the proof tended to show that the injuries to the mare may have arisen from her condition when delivered to the carrier, the burden then rested upon appellant to show that appellee had been negligent in handling the defective animal.

The motion for rehearing is overruled.