## EASTERWOOD v. THREE FOR ONE OIL CO. et al. (No. 10048.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 11, 1922.)

1. **Mines and minerals 74—In suit to recover payment by purchaser of lease evidence held to warrant denial of peremptory charge for failure to deliver abstract.**

In action by purchaser of oil lease to recover the initial payment on the lease for failure of defendant vendor to deliver an abstract of title, evidence *held* sufficient to show a waiver by plaintiff of delivery of abstract, and warrant denial of peremptory charge for failure to deliver.

2. **Estoppel 52—Instruction defining "waiver" held not error.**

An instruction, defining waiver as "an intentional act or such conduct on the part of plaintiff herein which would reasonably lead defendant to believe plaintiff intended to do away with and dispense with the provision," etc. *held* not error (citing Words and Phrases, Second Series, "Waive"—"Waiver"—"Waived").

3. **Mines and minerals 74—Testimony regarding unprofitable adjoining wells as reason for alleged breach of contract to purchase lease held proper.**

Requiring plaintiff to testify with regard to oil. wells on adjoining property that had proved unprofitable *held* proper, as affecting defendant's allegation that plaintiff failed to carry out his contract to purchase a lease.

4. **Appeal and error 203(1)—Erroneously placing burden of proof of special defense not fundamental error warranting reversal, where no objections below.**

Error in instructing the jury that the plaintiff must negative a special defense of waiver in order to recover is not such fundamental error as to warrant reversal, in the absence of any objection to its being given, particularly where the evidence fairly tended to support the judgment.

Error from Wichita County Court; Guy Rogers, Judge.

Suit by R. F. Easterwood against the Three for One Oil Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for plaintiff in error.

Bullington, Boone, Humphrey & Hoffman, and Cook, Spencer & Bailey, all of Wichita Falls, for defendants in error.

BUCK, J. R. F. Easterwood filed suit in the county court of Wichita county against the Three for One Oil Company, a joint-stock association, and the Farmers' State Bank of Burkburnett, Tex. Plaintiff alleged that he resided in Henderson county, Tex., and that the defendants resided in Wichita county; that on August 16, 1918, plaintiff and de-

fendant Three for One Oil Company, hereinafter called oil company, entered into a contract in writing wherein the said oil company agreed to assign to him a lease on a certain described leasehold estate in Wichita county. That plaintiff was to pay therefor $10,000, $1,000 to be paid in cash or to be deposited in the Farmers' State Bank at Burkburnett, to insure good faith and as earnest money, and the remaining $9,000 to be paid on the 1st day of November, thereafter; that said contract was conditioned that the oil company should procure and deliver to plaintiff within 10 days from the date of the contract a complete and certified abstract of title to the land upon which the lease to be assigned existed. He alleged that, in compliance with the terms of said contract he paid the $1,000, depositing it in the defendant bank, and agreed to pay the $9,000 according to the terms of the contract. That J. A. D. Smith, trustee for the oil company, agreed to send the abstract to Athens, plaintiff's home, for his attorney to pass upon, and that R. H. Frizzell, agent for the oil company in the sale of the land to plaintiff, and who was reared in Athens, agreed, in the presence of said Smith, to see that said abstract was sent to plaintiff at Athens. Plaintiff further alleged that the defendants wholly failed and refused to carry out this part of their contract, and that they never presented nor delivered to him any abstract of title; that notwithstanding said failure to comply with the terms of the contract, the defendant, through Smith, its trustee, applied to said bank for the payment to him of the $1,000 deposited there by plaintiff, and the bank, in violation of the terms of the contract between it and plaintiff, and of the contract between plaintiff and defendant, paid to said Smith for said oil company the $1,000. Hence plaintiff prayed that he have judgment against both of the defendants for the $1,000.

Defendant oil company pleaded, in answer, that it offered the plaintiff the abstract to the property several times, but that plaintiff told the defendant to leave the abstract at Wichita Falls, and that he would try to sell said property, and that he wanted the abstract left there so that same could be examined by the party he sold to, and for that reason plaintiff did not take the abstract when same was tendered to him. Defendant further alleged that plaintiff failed to pay the $9,000 when due, and thereupon the $1,000 deposited in the defendant bank was declared forfeited, according to the terms of the contract between the plaintiff and the defendant, and that the defendant thereby became entitled to said $1,000. Defendant further alleged that plaintiff made R. H. Frizzell his agent to look after said property and the abstract to same and the title to said property, and that said agent for plaintiff waived the provision in said con-

tract pertaining to the abstract of title to said property, and that defendant relied thereon and hence failed to deliver the obstract to the plaintiff at Athens, Tex.

The cause was tried before a jury on one special issue, and the jury found that plaintiff waived the delivery of the abstract by the defendant oil company. Whereupon the court gave judgment for the defendants, and the plaintiff has appealed.

[1, 2] Appellant assigns error by reason of the failure of the court to give a peremptory instruction to the jury to find for the plaintiff for the sum sued for, and for the alleged error in failing and refusing to give plaintiff's specially requested instruction defining waiver, and for failure of the court to properly define waiver, and for certain alleged errors in the definition of waiver as given in the charge by the court. The court defined waiver as follows:

"You are instructed that the term 'waiver' as herein used means such an intentional act or such conduct on the part of the plaintiff herein which would reasonably lead the defendant to believe that the plaintiff intended to do away and dispense with the provisions in said contract relative to the delivery of said abstract of title."

The special charge requested was:

"That the word 'waiver,' as used in the first special issue No. 1, means the intentional surrender of a right that in law under the contract plaintiff would be entitled to."

40 Cyc. p. 252, defines waiver as "the act of waiving, or not insisting on some right, claim, or privilege; a foregoing or giving up of some advantage, which, but for such waiver, the party would have enjoyed.; an election by one to dispense with something of value, or to forego an advantage he might have taken or insisted upon; the giving up, relinquishing, or surrendering some known right; an intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment or waiver of such right," etc. 4 Words and Phrases, Second Series, gives many definitions of "waive," "waived," and "waiver." In Doane v. Simmons, 31 R. I. 530, 77 Atl. 775, the word is defined as follows:

"'Waiver' is the intentional relinquishment of a known right, which may be done by such conduct as warrants an inference of relinquishment."

In Currie v. Continental Casualty Co., 147 Iowa, 281, 126 N. W. 164, 140 Am. St. Rep. 300, it is defined as:

"The intentional relinquishment of a known right, and any conduct relied upon which warrants the belief that such relinquishment has been made constitutes in law a waiver."

See other definitions therein given which incorporate, substantially, the meaning of the term as defined in the charge complained of.

In Railway Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745, writ denied, a waiver is defined as:

"The intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of the right, and it never occurs, unless intended, or where the act relied on ought in equity to estop the person from denying it."

We find no error in the charge as given. The evidence in the case at least sustains a waiver by Frizzell, acting as plaintiff's agent. Frizzell testified: That he and Mr. Easterwood went to the office of Mr. Ben O'Neal, a lawyer at Wichita Falls, who drew up the contract between the plaintiff and the defendant, and that the parties signed it that night. That plaintiff agreed to give Frizzel a power of attorney, agreeing to give him one-third of the profits made out of the sale of this property. That plaintiff told Mr. O'Neal that they were buying this stuff to sell, and that Frizzell was going to handle it for plaintiff, and that as he understood leases he would not have to come up here, nor sign the conveyance. That he (Frizzell) knew that the title was good, and insisted upon Easterwood taking this particular property, and that after the transaction was closed plaintiff told him that he was expecting Frizzell to handle it for him. That Frizzell told him that he knew it was all right, and that there was no use in passing upon the title, and that plaintiff replied that it was all right. That while they were discussing this abstract the next morning, Easterwood gave him power of attorney, and told him that he was leaving the sale of this property altogether to him. That some of those in the office offered to deliver to plaintiff this particular abstract of title, and plaintiff replied that he would leave it up to the witness. That the witness replied "that there was no use to pass upon it until we sold the property; that the title was all right." That plaintiff did not say anything to witness about getting the abstract of title and sending it to his address at Athens. That he never said anything to him about getting it and sending it to Athens until after he had forfeited the $1,000. He had 90 days in which to comply with his contract, and that witness saw plaintiff in Dallas shortly after the contract had expired, but that plaintiff did not at that time say anything to him about the abstract of title. That after the contract had expired, and upon plaintiff's suggestion and request, Frizzell secured an extension of time for the payment of the $9,000 from the oil company. There is other testimony to the effect that the abstract of title was tendered to plaintiff while in O'Neal's office, but that he refused to take it. Appellant now urges that the abstract tendered is shown to have

been brought down only to April, 1918, about four months prior to the contract of purchase, and that such tender, if made, was not a compliance with the contractual obligation of the oil company to deliver to him "a full, complete and certified abstract of title" to the described tract of land. If it be true that the abstract tendered was not brought down to date, the evidence does not disclose any objection to it on that account by plaintiff, but the preponderance of the evidence tends to show a waiver by him of that part of the contract with reference to the delivery of the abstract of title. Hence we overrule appellant's assignments 1 to 4, inclusive.

[3] We do not think any error was committed in requiring the plaintiff, as a witness, to testify with regard to there being a deep well, or several wells, drilling near this property at the time the contract was made, and that, when they were proven to be dry holes, he concluded not to carry out his contract to pay over the rest of the purchase price. We think this testimony was admissible as tending to prove the defendant's contention, as pleaded, that the plaintiff utterly failed to carry out his contract as to the payment of the balance due, and as tending to corroborate the testimony given by J. L. Pickle, a witness of the defendant, to the effect that when Mr. O'Neal placed the abstract on the table before Frizzell and Easterwood, and Frizzell told Easterwood he could have the abstract, Easterwood replied that he did not want it, he was going to cancel the deal.

The court charged the jury upon the burden of proof as follows:

"The burden of proof is on the plaintiff to establish negatively the above and foregoing special issue by a preponderance of the evidence, and unless he has done so you will answer the same in the affirmative."

[4] Appellant urges that the burden of proof as to waiver, being a special defense, is on the party who pleads it, to wit, the defendant. He admits, however, that no exception was taken to such charge before the same was submitted to the jury "because just a moment before the charge was read the word 'affirmatively' was where the word 'negatively' now is in the burden of proof charge, and the same was erased and a line drawn through it and the word 'negatively' presented, and without time for consideration of the effect the court and the attorneys

246 S.W.—43

over-looked the error, and said charge was immediately read to the jury, and the effect of the same was not discovered until after it was read." We do not see how the charge as first presented by the court was rendered more onerous against the plaintiff by the change of the word "negative" for "affirmative." It may be admitted that in either case the charge is erroneous, and that the burden of proof would be upon defendant to establish by a preponderance of the evidence the issue submitted; it being a special defense, but as no exception was presented to the charge, even as first written, appellant is in no position to complain of the same in this court.

In St. L., S. F. & T. Ry. Co. v. West, 174 S. W. 287, writ refused, by this court, opinion by Justice Dunklin, the following language was used:

"And as no exception was presented to the charge, which, in effect, affirmatively excluded a recovery on that issue [issue of discovered peril] appellees must be held to an approval of that instruction. 2 Vernon's Sayles' Tex. Civ. Stat. art. 2061; Cleburns St. Ry. Co. v. Barnes, 168 S. W. 991."

See Roberts v. Houston Motor Car Co. (Tex. Civ. App.) 188 S. W. 257; Jones v. G. H. & S. A. R. Co. (Tex. Civ. App.) 193 S. W. 373; Shumaker v. Byrd (Tex. Civ. App.) 203 S. W. 461; Thomas v. Corbett (Tex. Civ. App.) 211 S. W. 806.

As stated in the case of McKenzie v. Imperial Irr. Co. (Tex. Civ. App.) 166 S. W. 495:

"It is the established rule of practice that fundamental error will be considered, though not assigned, in the lower court, but this is a mere rule of appellate practice, in no wise related to the question here considered. A fundamental error may be waived, unless it be of such a nature as to render the judgment absolutely void; for example, an error respecting jurisdiction over the subject-matter."

We do not believe that in the instant case a question of fundamental error is presented. Moreover, the large preponderance of the testimony tends to support the judgment of the trial court, and we do not feel that we are justified in reversing and remanding this cause by reason of the error shown in the charge of the court upon the question of burden of proof. Hence all assignments of error are overruled, and the judgment is affirmed.