### J. A. H. HOSACK ET AL. *v.* R. DARMAN & Co.

LACHES.—At an auction sale of personal property made after suit has been brought for its recovery, the plaintiff in the suit is under no legal obligation to appear on the day of sale and give notice of his title where he has been guilty of no acts of negligence or laches that would deprive him of his right to recover the property.

APPEAL from Marion. Tried below before the Hon. James H. Rogers.

This was a suit in the ordinary form, brought January, 1875, to recover possession of a piano, with prayer for judgment for its possession or its value. Verdict and judgment for plaintiffs.

*George T. Todd*, for appellants.

*Mason & Campbell*, for appellees.

Reeves, Associate Justice.—It is not necessary to examine the assignment of error complaining of the admission in evidence of the oral declarations of the witness, J. P. Lyon, to prove his agency and his acts without producing the written evidence of his authority. Objections of this character must be made at the time the evidence is offered, and the ruling of the court must be shown by bill of exceptions before it will be revised by this court.

Appellants objected to the judgment on the verdict of the jury, and moved the court to reform it in accordance with the verdict, and to find the piano not subject to the levy, or if that could not be done, they asked that the judgment be set aside and a new trial granted, because the issues as made by the pleadings were not settled by the verdict.

The verdict is not responsive in form to the issues on the trial of the right of property, as tendered by Dawson and accepted by the plaintiffs, Darman & Co., in the suit against Hosack and Batte. The claimant, Dawson, might very properly have objected to the consolidation of his case with the case of Darman & Co. *v.* Hosack and Batte. The statutory mode of trial differs in some respects from a trial on petition and answer. In the former the issues are made up and tried, and the burden of proof is determined and settled under the direction of the court. The form of the judgment, the forfeiture of the claimant's bond, and execution thereon, are peculiar to a trial under the statute, and to blend the issues with the trial of the original suit in which other parties are interested would tend to produce confusion by introducing numerous issues between parties having no rights in common and incurring no common liability. In the present case the claimant did not object, and by agreement of all parties the cases were consolidated and tried together. The claimant united with the defendants

in the original suit in making joint answer to the petition, and the cause was conducted as one suit to the final trial in the District Court, and having done so, no sufficient reason is shown for reforming the judgment. The jury returned a verdict for the plaintiffs, and assessed their damages at thirty dollars. The plaintiffs might perhaps have claimed a judgment for the property, and also the damages. They have not done so, but are satisfied with the judgment as rendered by the District Court.

The judgment determines the issue of title to the property in favor of appellees against the claimant and the defendants to the original suit, so far as the latter may be regarded as having put the title of the plaintiffs in issue. The title to the piano was the material question in the case, and though it would have been the better practice to have followed the statute by a separate trial as to the claimant, he waived any benefit, if any, that might have accrued to him thereby when he made himself a party to the suit. By doing so he was subject to such judgment as the pleadings and evidence would warrant. It is not perceived, however, that the claimant failed to secure any substantial right to which he was entitled.

The jury having found for Darman & Co. on the issue of title to the property, the damages they assessed were probably intended to show the value of the piano, and not for its detention. So considered, the verdict was in accordance with the instructions of the court.

It is assigned for error that the court erred in charging the jury that the plaintiffs could not be divested of their property without their consent, and for failing to charge that a person may, by his laches and neglect, suffer his property to be acquired by an innocent purchaser for value.

The charge must be considered in connection with the evidence.

The evidence shows that appellees were the owners of the piano, and that it was rented, under the authority of their

agent, to J. W. Thompson.   On the 11th of December, 1873, Thompson conveyed to Frederick & Co. all his right and title in the furniture and appurtenances connected with the buildings mentioned in the conveyance.   If the piano was included in the transfer nothing more was conveyed than Thompson's right and title to it, and the evidence shows that he had no right except as acquired under his contract of renting.   The conveyance to Thompson does not appear to have been recorded, nor was the party who signed it as a witness examined on the trial.   The deed of trust from Frederick & Co. to R. G. Batte bears date December 15, 1873.   The piano was sold by Hosack, as auctioneer, by virtue of the deed of trust, and purchased by Dawson at a public sale for $30, which he paid, and claims as an innocent purchaser without notice of Darman's title.

The sheriff's return shows that the piano was seized by the sheriff on the 23d day of January, 1874, by virtue of the writ of sequestration, and that Hosack was served with citation and copy of the plaintiff's petition on the same day, and that Batte was served on the next day.   Dawson's bond for the trial of the right of property bears date February 9, 1874.   Hosack says in his evidence that he sold the piano in February, 1874.   This was after the sequestration had been levied, and after Hosack and Batte had been served with notice of the plaintiff's suit to recover the property.

Darman & Co., or their agent, had done nothing from which it could be inferred that they had assented to the ownership of the property by Thompson or Frederick & Co., as was the case in Neale v. Sears, 31 Tex., 105.

The charge of the court was in accordance with the evidence and the law of the case as laid down in Dodd & Co. v. Arnold, 28 Tex., 97, and the authorities there cited.

Darman & Co. were under no legal obligation to appear on the day of sale and give notice of their title.   Their suit for the recovery of the property was then pending, and they do not appear from the evidence to have been guilty of any

acts of negligence or laches that would deprive them of the right to recover the property from the claimant and the defendants.

The disclaimer of title by the defendants was inconsistent with their answer, in which the plaintiff's title was put in issue, and made them, with the claimant, subject to the judgment rendered on the verdict. The judgment is therefore affirmed.

AFFIRMED.