### W. D. OWENS v. MRS. M. P. OWENS.

Decided November 23, 1905.

**1.—Divorce—Pleading—Bona Fide Inhabitant of State.**

An allegation in plaintiff's petition for divorce that "she is now and has been a bona fide resident citizen of Smith County, Texas, for more than six months" sufficiently averred that, as required by the statute, she was "an actual bona fide inhabitant of the State." Rev. Stats., art. 2978.

**2.—Same—Pleading and Judgment—Money Recovery.**

Where in an action for divorce plaintiff alleged that defendant was in possession of the community and separate property, stating its value and the ownership of the parties therein, and that defendant was about to dispose of it, and would do so unless enjoined, asking that he be required to render an account of his disposition of the property, with prayer for partition and general relief, this was sufficient to sustain a money judgment in her favor for the value of property disposed of by defendant after the service of the writ of injunction.

Error from the District Court of Smith. Tried below before Hon. R. W. Simpson.

*Fitzgerald & Butler,* for plaintiff in error.

*John M. Logan* and *B. B. Baird,* for defendant in error.

GILL, CHIEF JUSTICE.—Mrs. M. P. Owens sued W. D. Owens for divorce, for custody of the children of their marriage, for the possession of her separate property and a partition of the community property. She alleged, among other things, that her husband was about to dispose of the community property, and had, perhaps, disposed of part of it. She asked for a temporary injunction against him, and that he be required to render an account at the trial, showing what disposition he had made of such property as he had disposed of. There was a prayer for general relief. The answer was a general denial.

A trial to the court resulted in a judgment for plaintiff for divorce, custody of the children, a judgment for certain cattle, and a money judgment against defendant for $375 for property disposed of by him after the service of the writ of injunction.

The defendant has brought the cause here by writ of error, and urges two objections to the judgment. First. The petition for divorce is bad on general demurrer, because the plaintiff failed to allege that she was a bona fide inhabitant of the State of Texas. Second. The judgment for money can not stand because it has no support in the pleading. The judgment recited that both parties appeared in person and by attorneys. There is no statement of facts.

The allegation in the petition which defendant claims is defective is as follows: "That she and defendant both reside in Smith County, Texas, and that she is now, and has been, a bona fide resident citizen of Smith County, Texas, for more than six months next prior to and immediately preceding the bringing of this suit." The statute pre-

scribes that no suit for divorce shall be maintained unless the petitioner, at the time of exhibiting the petition, is an actual bona fide inhabitant of the State, and shall have resided in the county where the suit is filed six months next preceding the filing thereof. (Rev. Stats., art. 2978.)

In Haymond v. Haymond (74 Texas, 414) it is held that an allegation to the effect that a "plaintiff is a bona fide citizen of Bell County, and has been for more than six months," does not satisfy the requirement of the statute, because the allegations may be true and still plaintiff may not have been an inhabitant of the county during any of the period covered by the allegation. The averment must amount to an allegation of personal presence in the State as an inhabitant for the time required.

There is a clear distinction between the allegations in this cause and those condemned in the Haymond case, supra. There may be citizenship of a State during a period of absence from the State. But, where citizenship and residence is combined, it renders one, at least, an inhabitant in good faith. The allegation is an ample compliance with the statute.

The point is made against the pleadings that they do not ask for the recovery of any money or the value of any property, and that, therefore, the judgment for money has no support in the pleadings. It was alleged that defendant was in possession of the community and separate property. The value of this property was alleged, and the ownership in plaintiff of all the separate property and half of the community. She also averred that defendant was about to dispose of it, and would doubtless do so, unless enjoined. She asked that defendant be required to render an account of his disposition of the property.

In the absence of a statement of facts, we must presume that all the facts included in the judgment were amply established. This would include the fact that the ownership and values of the property were shown, as alleged, and that the property covered by the money judgment had been converted into money by defendant. If it was shown upon the trial that defendant had so converted the property, and had the money on hand, it seems plain that, under the prayer for partition and general relief, the court could have decreed a partition of the money as well as the property. And this is the practical and legal effect of the judgment.

By a clerical error the money recovered is placed at $475 in one place in the judgment, but other recitals in the judgment show that the amount adjudged is $375. Plaintiff also entered a remitter in the lower court to correct the error.

We think the judgment should be affirmed, and it is so ordered.

*Affirmed.*