MRS. AGNES SNIPES ET AL. v. BOMAR COTTON OIL COMPANY.

No. 2305.   Decided December 10, 1913.

**1.—Pleading—Negligence.**

In a petition seeking recovery for death of defendant's employee by his coming in contact with a revolving fly wheel near the stationary engine he was engaged in operating, allegations that "his feet slipped under him on the broken, uneven and greasy floor, and he was precipitated into the unprotected pit around such wheel, or he stepped into such pit while at his work, or otherwise came in contact with said unprotected wheel when said wheel was revolving with great rapidity and force," were insufficient, as against a general demurrer, to notify the defendant of what was expected to be proved as a ground of plaintiff's action. (Pp. 183, 184.)

**2.—Pleading—Assumed Risk.**

Allegations that deceased,· an experienced engineer, had been in charge of the operation and oiling of a stationary engine for ten days before meeting his death, in connection with the charge that same was caused by his slipping on the rough and greasy floor about it and falling into a revolving. fly wheel, being indefinite as to the cause of the floor becoming greasy, and therefore to be taken most strongly against the pleader, showed no one but himself responsible for such condition.     (P. 184.)

**3.—Same—Obvious Conditions.**

The conditions alleged to have caused deceased, an engineer operating a stationary engine, to fall into the pit where a fly wheel was revolving, being such as were unquestionably obvious to him while engaged in his work, the risk of injury therefrom was one which he assumed.     (Pp. 184, 185.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Cooke County.

*Jas. T. Miller* and *Potter, Culp & Culp,* for plaintiffs in error, cited: H. & T. C. Ry. Co. v. Alexander, 121 S. W., 602; Muse v. Able, 124 S. W., 430; G., H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127; Medling Milling Co. v. Schmidt, 126 S. W., 689; Buchanan & Gilder v. Blanchard, 127 S. W., 1152; T. & N. O. Ry. Co. v. Bingle, 91 Texas, 287; G., H. & S. A. Ry. Co. v. Udalle, 91 S. W., 330; Bonnet v. G., H. & S. A. Ry. Co., 89 Texas, 72; San Antonio & A. P. Ry. Co. v. Engelhorn, 24 Texas Civ. App., 324; San Antonio & A. P. Ry. Co. v. Brooking, 51 S. W., 537; Mead v. Ashland Steel Co., 100 S. W., 821 (Ky.); Producers' Oil Co. v. Barnes, 103 Texas, 515; Huhn v. M. P. Ry. Co., 4 S. W., 931 (Mo.); Strickland v. Woolworth, 127 S. W., 682 (Mo.),

*Davis & Thomason, Walter F. Seay,* and *Garnett & Garnett,* for defendant in error.—Snipes assumed, not only dangers of which he had actual knowledge, but such hazards as he would have learned by the exercise of that ordinary circumspection which a prudent man would have used in the particular employment or in the ordinary discharge of his duty must have known     St. L. S. W. Ry. Co. v. Hyson, 101 Texas, 543; Bonnett v. G., H. & S. A. Ry. Co., 89 Texas, 72; Gentry v. Stephenville Oil Mill, 127 S. W., 879; Brownwood Oil Mill v. Stubblefield, 53 Texas Civ. App., 65; H. & T. C. Ry. v. Alexander, 102 Texas, 497; Stephenson v. Duncan, 73 Wis., 404; Indianapolis Ry. Co. v. Watson, 114 Ind., 20; Carroll v. Wilston, 46 N. W., 352; Schiefelbun v. Badger Paper Co., 77 N. W., 742; Gulf, etc., Ry. Co. v. Smith, 37 Texas Civ. App., 186; Price v. Consumers' C. Oil Co., 41 Texas Civ. App., 47; Mt. Marion Coal & Mining Co. v. Holt, 118 S. W., 825; Railway Co. v. French, 86 Texas, 96; Railway Co. v. Lempe, 59 Texas, 22; Hightower v. Gray, 36 Texas Civ. App., 674; Fort Worth Stock Yards v. Whittenburg, 34 Texas Civ. App., 163; Jones v. G., H. & S. A. Ry. Co., 11 Texas Civ. App., 39; Brown v. Miller, 62 S. W., 547; Rogers v. Galveston City Ry. Co., 76 Texas, 502; Houston & T. C. Ry. Co. v. Alexander, 132 S. W., 119; Gulf, C. & S. F. Ry. Co. v. Riordon, 146 S. W., 711.

It is incumbent upon the plaintiff to show that the accident and injury was the direct and proximate result of defendant's negligence. Where this is not done, but the cause of the accident left open to conjecture, there can be no recovery. St. Louis, S. F. & T. Ry. Co. v. Cason, 129 S. W., 394; Mt. Marion Coal Co. v. Holt, 118 S. W., 825; T. & P. Ry. Co. v. Endsley, 103 Texas, 434; T. & P. Ry. Co. v. Kowsikowski, 103 Texas, 173; T. & P. Ry. Co. v. Shoemaker, 84 S. W., 149, 98 Texas, 451; Kaufman v. Railway Co., 126 S. W., 619; M. P. Ry. Co. v. Porter, 111 S. W., 324; T. & N. O. Ry. Co. v. Browder, 63 Texas, 502; Patton v. T. & P. Ry. Co., 45 U. S. (L. ed.), 361.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy from the opinion of the Court of Civil Appeals the following statement:

"The suit is by the wife and children of James A. Snipes to recover the damages suffered on account of his death. The court sustained a general demurrer to the petition, and upon the appellants' declining to amend judgment was entered in favor of the appellee. The ruling of the court in sustaining the demurrer is made the basis of the assignment for error. The petition alleged the facts to be that James A. Snipes was employed by appellee as an engineer to run and operate the engine and machinery at its cotton oil mill. The engine was set on a cement base which was about six inches wider on the side than the engine and about six inches higher than the surrounding floor of the room. In order to reach and oil the knuckle, or eccentric, on the engine, it was necessary and required that the engineer should stand on this extended space of the cement base upon which the engine rested. Connected to the engine by a shaft was a large drive wheel, which revolved with great rapidity and force. It was situated to the north and near the engine, and extended farther west than the engine. The space between the engine and the wheel was used as a passageway in performing duties about the machinery. This wheel revolved partly above the floor of the room and partly below the floor. To enable the wheel to properly revolve below the floor an opening was made in the floor and there was excavated beneath a pit just large enough for the wheel to have clear space in its revolutions. The opening in the floor on the side of the wheel was about fourteen inches, and was safeguarded by an iron rail about four feet high running across the middle of the same. It was alleged that Snipes had worked about the machinery and engine and room for about ten days before his death, and had frequently stepped upon and occupied the extension of the cement base to oil and handle the eccentric, as was his duty, and constantly used the passageway for his work. It is alleged that on October 15, 1909, "the said James A. Snipes acting prudently and in the performance of his duty went between the engine and the drive wheel and pit and his feet slipped under him on the broken, uneven and greasy floor, and he was precipitated into the unprotected pit around said wheel, or he stepped into said pit while at his work, or otherwise came into contact with said

unprotected wheel when said wheel was revolving with much rapidity and force, and his clothes and limbs becoming entangled in said wheel he was instantly torn and mutilated and killed."

"The object of pleading is to notify the opposite party of what it is expected to prove as the ground of plaintiff's action or the defendant's defense, so that he may prepare for the trial of the issues thus tendered. Lemmon v. Hanley, 28 Texas, 220.

"To determine whether or not a pleading presents a certain issue, it is a safe rule to look at the pleading from the standpoint of the party against whom it is exhibited, and ascertain if the allegations are sufficient to notify him that the evidence offered will be produced, or that he will be called upon to present evidence to meet it." W. H. Ware v. Shafer & Braden, 88 Texas, 46, 29 S. W., 756. See Lemmon v. Hanley, 28 Texas, 220.

Relying upon the allegations of the petition could the defendant tell upon which of the grounds alleged plaintiff would rely for recovery? The petition alleged that the base around the engine was too narrow, but no allegation points out in what manner that fact contributed to the death of Snipes. It is alleged that the space between the base on which the engine rested and the pit in which the wheel was operated was too narrow, but it is not alleged that the fact caused or contributed to the injury. It is alleged that defendant negligently permitted the cement space around the pit to become greasy and slippery, and that deceased slipped on the greasy cement and fell into the pit, or that he stepped into the pit, or otherwise got into the pit, and was injured. How could defendant have prepared to meet proof that deceased slipped and fell into the pit, or that he stepped into the pit, whereas plaintiffs might prove that deceased got into the pit "otherwise," that is, in any unknown manner? It is manifest that there was no such certainty in the allegations of petition as the law required, therefore the general demurrer was properly sustained.

Each fact alleged to have caused or contributed to the death of Snipes was unquestionably obvious to him. He was an experienced engineer, and for ten days had exclusive control of the machinery. The height of the base on which the engine rested and the width of the space between the base and the pit were physical conditions which must have been observed in their use. The fact that there was but one iron bar to guard the pit must have been known to a man who approached it so frequently, and who must have come into contact with the bar; he could not possibly have failed to observe the fact that but one rod guarded the pit. Deceased is alleged to have oiled both drive wheel and engine, and no allegation is made from which it may be concluded that another person caused the cement floor to be "greasy and slippery"; therefore, the conclusion must be reached that Snipes spilled the oil on the cement. The allegations being indefinite as to that fact must be construed against the pleader. Webb County v. School Trustees, 95 Texas, 137, 65 S. W., 878.

It is manifest that Snipes must have known of the defects alleged,

and being experienced in such service knew the danger involved in performing the service, therefore he assumed the risk. · Texas and P. Ry. Co. v. Bradford, 66 Texas, 732, 2 S. W., 595; 59 Am. Rep., 639.

The judgments of the District Court and of the Court of Civil Appeals are· affirmed.

*Affirmed.*