CELLI v. SANDERSON et al. (No. 7579.)

(Court of Civil Appeals of Texas. Galveston. Nov. 30, 1918. Dissenting Opinion, Dec. 5, 1918. Rehearing Denied Dec. 19, 1918.)

1. APPEAL AND ERROR ⬅193(1) — LACK OF OBJECTION TO PLEADINGS BELOW—OBJECTION ON APPEAL.

Where defendant, by general demurrer and denials, merely joined issue on the facts, presenting in the Court of Civil Appeals for the first time question of the sufficiency of the pleadings, his action was permissible if the pleadings presented only one specific cause of action, and the judgment was founded on a fundamentally different one.

2. DIVORCE ⬅254 — DECREE — ATTACK FOR FRAUD—PLEADING—EVIDENCE.

Averment of divorced wife's complaint attacking decree dividing community property on ground that it was procured by fraud on her

and the court, in absence of special exception, *held* sufficient to admit evidence as to the exact time when and the conditions under which her husband's fraud was discovered.

3. APPEAL AND ERROR ⬅193(1) — LACK OF OBJECTION TO PLEADING OR EVIDENCE BELOW.

Where averment of complaint was sufficient to admit certain necessary evidence, which, in fact, was admitted on trial without exception to the pleading or objection to the evidence, objection to the sufficiency of the complaint is not one going to foundations of action, and comes too late in Court of Civil Appeals.

4. APPEAL AND ERROR ⬅672—FUNDAMENTAL ERROR FOR REVERSAL.

Assignment of error presenting overruling of defendant appellant's original motion for new trial as error, in that verdict and judgment were not sustained by evidence, on its face invites examination of entire record to determine sufficiency of evidence on each of the elements of fraud specified by plaintiff, and could not present fundamental error calling for reversal after judgment.

5. APPEAL AND ERROR ⬅301—FAILURE TO OBJECT BELOW—MOTION FOR NEW TRIAL—WAIVER OF ALL BUT FUNDAMENTAL ERROR —RULE OF COURT.

In case of a jury trial, where filing of motion for new trial is a prerequisite to the right of appeal, rule 24 of the Court of Civil Appeals (142 S. W. xii) requires assignments of error to be set forth distinctly in motion for new trial, otherwise such assignments as do not comprehend fundamental error will be treated as waived.

6. PLEADING ⬅34(7) — FAILURE TO OBJECT TO PLEADINGS—CONSTRUCTION.

Pleadings not objected to below, except by interposition of general demurrer, on appeal will be given most liberal construction consistent with their terms, every reasonable intendment being indulged in their favor, a rule particularly applicable to a bill in equity.

7. PLEADING ⬅34(4) — CONSTRUCTION AGAINST PLEADER.

Particular averments of doubtful meaning, at least in pleadings at law, must be construed against the pleader.

8. DIVORCE ⬅254 — PROPERTY RIGHTS — PLEADING.

In cases such as wife's suit to set aside divorce decree in her favor, in so far as dividing community property as having been procured by husband's fraud, controlled by Rev. St. 1911, art. 4634, as to division of estate of parties, it is necessary to comply with fundamental rules of pleading, but the court should likewise construe pleadings so as to give effect to any real equities.

9. DIVORCE ⬅254—DECREE AS TO PROPERTY—RELIEF FROM FRAUD—PLEADINGS.

In divorced wife's suit to set aside decree, in so far as affecting community property, as procured by husband's fraud, broad scope of wife's pleadings, and her prayer for general relief, *held* adequate basis for judgment for her, mak-

ing a redistribution in money of the community property.

Pleasants, C. J., dissenting.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by Virginia Sanderson and another against Frank Celli. From decree for plaintiffs, defendant appeals. Affirmed.

Marsene Johnson, Lewis Fisher, Roy Johnson, Elmo Johnson, and Marsene Johnson, Jr., all of Galveston, for appellant.

James B. & Charles J. Stubbs, G. G. Clough, and F. Spencer Stubbs, all of Galveston, for appellees.

GRAVES, J. On and prior to July 9, 1914, Virginia and Frank Celli were husband and wife, owning certain community property. Upon that date, at the suit of the former for all those purposes, the Fifty-Sixth district court at Galveston entered its judgment divorcing them, granting the custody of their two young minor children to the mother, and disposing of their community property by approving and confirming a settlement they had themselves on the same day agreed upon concerning it. That settlement was that lots 14, 13, and west ½ of 12 in N. W. ¼ of outlot 91 in the city of Galveston, together with improvements, were by them jointly deeded to their two minor children, subject to a life estate of Virginia Celli therein, with the right to her to collect all rents and revenues therefrom until her death, or until her marriage to some other person than her former husband, Frank Celli. The judgment recited that she had accepted this conveyance of the property mentioned to her children, carrying such life estate therein to herself, in lieu of any further interest in or claim upon her part to the community property she had so sued to have accounted for and partitioned between them, and then further specifically decreed the other enumerated community property, both real and personal, to Frank Celli as thenceforth to be his separate property.

On March 9, 1916, the former Mrs. Celli, having in the meantime married again and being then Mrs. Sanderson, brought the present suit in the same court to set aside, avoid, or modify the former judgment and the deed embodying this agreed settlement, which it confirmed, in so far as it disposed of her community estate and restricted her right to marry with penalty of forfeiture of her estate, on the ground of the alleged fraud of Frank Celli upon both herself and the court in the procurement of the settlement and of the judgment, in that, among other detailed matters not specially necessary to mention at this point, he had so withheld and misrepresented the existence, condition, and value of different elements of the community estate

that, upon the whole and so far as amounts in money were concerned, he had unjustly and without her knowledge at the time (which fact, however, she has since discovered) deprived her of much the greater part of her just and proper share and portion of their community estate, and had thereby imposed upon and induced her to accept, and the court to so decree to her, the life estate in the lots mentioned alone, of the reasonable value of only about $6,000, when she was in fact entitled to about $24,250 as her portion. There were further averments as a basis for an injunction, not specially material now.

The action, thus only in its general features outlined, was tried before a jury, upon special issues embodying these allegations of fraud and others as to the true values of the property; and, upon their answers being returned, finding the fraud to have been practiced substantially as charged and fixing the excess value of the community property on July 9, 1914, at $27,282.83 over the lots described, the court finally, on June 1, 1917, entered an amended decree therein, which, after first vesting one undivided half of the above-described lots and improvements thereon in the two minor children together, and the other half in their mother, Virginia Sanderson, among others not material for present purposes, contained this provision:

"And it appearing to the satisfaction of the court, from the answers of the jury to the special issues submitted to them, that the former decree in this court in cause No. 30,635, entitled Virginia Celli v. Frank Celli, rendered on the 9th day of July, 1914, was obtained by the said Frank Celli by false and fraudulent representations, it is further ordered, adjudged, and decreed by the court that the former decree rendered in this court in cause No. 30,635, in so far as it affects the property rights of the plaintiff, be and the same is hereby set aside, canceled, and vacated. And it further appearing to the satisfaction of the court that the defendant, Frank Celli, has converted all of the community property, in excess of those portions herein decreed to the minors, S. Frank Celli and Joseph S. Celli, and plaintiff Virginia Sanderson, to his own use; and from the answers of the jury that the value of said community is $27,282.83—it is further ordered, adjudged, and decreed by the court that the plaintiff Virginia Sanderson do have and recover of and from the defendant, Frank Celli, the sum of $13,641.41, with interest thereon from this date at the rate of 6 per cent. per annum, and all costs of court, for which she may have her execution, and upon the payment of which sum of money the said Frank Celli shall be vested with all right, title, claim, and interest of the plaintiff Virginia Sanderson in and to all of the community estate."

[1] Frank Celli appeals, contending there was fundamental error below in several respects, but especially because of the alleged insufficiency of the pleadings of Mrs. Sanderson to support the judgment for money rendered against him. He neither excepted upon

this ground to the pleadings below, nor objected on that account to any of the evidence, nor did he protest for any reason against the issues of fact submitted by the court to the jury, or ask that others be presented; but, under general demurrer and denials, merely joined issue upon the facts, and so fought the case through the trial court, even upon the hearing for a new trial, presenting in this court for the first time the question as to the sufficiency of the pleadings. That may be done without filing an assignment of error below, however, if the pleadings really present only one substantive theory or basic cause of action, and the judgment is founded upon a fundamentally different one. Dean v. Lyons, 47 Tex. 18; Payne v. Godfrey, 61 Tex. Civ. App. 40, 129 S. W. 163; Hall v. Jackson, 3 Tex. 305; Salinas v. Wright, 11 Tex. 572.

[2, 3] Upon looking to the assignments contained in appellant's brief, regard being had to the previously mentioned fact that no objections nor exceptions were at any stage interposed in the trial court to the matters therein contained, and to the curative effect of a verdict and judgment under such conditions (Townes' Texas Pleading, pp. 404, 405), we think none of them, unless it be the first two, raise a question of fundamental error. The third and fourth assail the judgment as not supported by the pleading, because it averred that "some time after the decree was entered," etc., plaintiff discovered the falsity of defendant's representations, instead of alleging just when she so discovered it and in detail just why she did not forthwith institute the present proceedings; a like omission in the proof being complained of under the eighth. In the absence of a special exception, this averment was sufficient to admit evidence as to the exact time when and the conditions under which the fraud was in fact discovered, and that having been fully done upon the trial, without exception to the pleading or objection to the evidence, the complaint is not one that goes to the foundations of the action, and comes too late in an appellate court. Rivers v. Campbell, 51 Tex. Civ. App. 103, 111 S. W. 190. The fifth challenges the correctness of the trial court's action in refusing to permit appellant, at the time and under the circumstances offered, to file the amended motion for a new trial; but the recitations in the motion itself, taken in connection with the court's qualification of the bill of exceptions relating to the matter, show that it merely presents a question of whether or not, under the facts of the entire case, there was an abuse of its discretion upon the part of the court in such refusal, and does not point out upon the face of the record such an error as, being readily seen, lies at the base of the proceeding and affects the judgment necessarily. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W.

533, 124 S. W. 85; Ry. Co. v. Wheat, 173 S. W. 974; Needham v. Cooney, 173 S. W. 979.

[4, 5] The sixth and last one requiring notice presents the overruling of appellant's original motion for new trial as error, in that the verdict and judgment were not sustained by the evidence touching the charges of fraud in a number of enumerated particulars. This upon its face invites an examination of the entire record to determine the sufficiency of the evidence upon each of the elements of fraud specified, and so falls without the pale of Judge Brown's definition of "fundamental error" in Houston Oil Co. v. Kimball, 122 S. W. 533, supra; and, since the record before us shows that none of the matters assigned as errors in this court were presented to the court below in either of the motions for new trial, such of them as do not comprehend fundamental error will be treated as waived. This was a jury trial, where the filing of a motion for a new trial was a prerequisite to the right of appeal, and in such cases rule 24 (142 S. W. xii) requires that the assignments of error be distinctly set forth in the motion for new trial, and, if not so done, will be considered as waived. Our Supreme Court, in recently construing R. S. art. 1612, recognizes the continuing effect of this rule as unimpaired, and as unaffected by its holding in that case. H. & S. Eng. Co. v. Turney (Sup.) 203 S. W. 595 (5). It follows that appellant is not entitled to present in this court the alleged grounds of error specified in any assignments other than the first two, and they are, accordingly, not further considered.

This strips the decks, we think, to the single question of whether or not there was sufficient pleading to support the judgment as rendered, and the first two assignments in the brief at least serve the purpose of furnishing appellant a machine gun nest from whence to bombard the judgment in that respect. As already stated, this proceeding was one in equity, brought by the wife, or, to be accurate, by one who had been the wife at the time the matters she complained of had been determined, and who, it is apprehended, occupied no different position so far as the rights asserted were concerned, against the man who was then her husband, for the simple purpose of having the former disposition of her half portion of their community estate which the court had sanctioned by its decree so overhauled and done over again as to make that portion a full half, instead of only the small part thereof she alleged she really got. That is the long and short of her cause of action in this proceeding, however much refinement of description and elaborate designation of character there may be given it. To accomplish that plain and direct purpose, she went into the same court that had so crystallized what she claimed was a fraudulent imposition upon both it and herself into one of its decrees, haled the same

man who had procured that decree before its bar, and asked that the court's broad equity powers be so exercised as to give her relief. She gave as a reason that he had, after the filing and pending determination of her first suit, in order to procure and induce the particular disposition that was in fact made of it as a result of his fraud, concealed from her the true condition of the community estate other than the lots she was to get the life estate interest in, and falsely represented to and beguiled her into believing that it was all but insolvent and would all have to be sold to pay the debts against it; whereas, it was at that very time of the reasonable value of $45,000, as was well known to him but not to her.

The allegations being, as stated, that these representations and this concealment of the community property had occurred after a division of it had become the only issue in a suit between them to bring that about, and that they were perpetrated by appellant for the purpose and with the result of procuring for himself an unfair portion, it is beside the mark to contend, as he now does in his assault upon the sufficiency of the averment of concealment, that the parties were then husband and wife, with the right of possession, management, and control of their common property by statute vested in him, and that he was therefore under no legal obligation to disclose to her its true condition. That might be true so long as their marital partnership was a going concern, but certainly could not continue after the even tenor of its way had been arrested by her suit to have it terminated and its acquisitions equitably divided between them.

But, pleading further, she described in detail the community property, both real and personal, as it stood on the date of the former decree, in so far as she had since been able to ascertain, stated its money value item by item and in the aggregate, and recited first that not only had the record title and the actual care, control, and custody of it all prior thereto been in appellant, but that the court had on that date by its judgment specifically divested her of all interest and right of possession therein and vested it in the appellant. She then declared her right to have a full accounting made to the same court of equity for the entire property as of the date of July 9, 1914, which necessarily comprehended a showing as to what disposition had in the meantime been made of it, attaching as a part of her bill a full copy of the court's former decree. Nor must it be overlooked that the accounting here declared upon and prayed for was necessarily not one merely of money debits and credits as in ordinary commercial copartnerships, but one that comprehended and sought a determination of the relative standing of both members thereof in the far broader relationship of husband and wife, and in its entire holdings of property, without distinction as to kind or character. She further declared herself entitled in dollars and cents to one-half of the total given value of the community estate—that is, $48,500—as her just portion, or to $24,250. It is true she repeatedly declared herself entitled to have the former decree set aside and another partition and division awarded her, and prayed for that; but she did not, in our opinion, as appellant vigorously contends, in effect limit the right declared upon to one seeking merely to set aside that judgment and have an entirely new partition and division of the property in kind ordered, but set up all the facts and equities between herself and her former husband, and then asked the court in the exercise of its general equity powers to right the wrong so done her, in the following closing prayer:

"Wherefore, plaintiff sues and prays due process of law to defendant, and that the decree in cause No. 30,635, entitled Virginia Celli v. Frank Celli, in this court, be set aside, avoided, or modified, and this cause reinstated on the docket, and that the defendant be required to account to the court and file an inventory of all of the community estate as it existed on the 9th day of July, 1914, and for the appointment of an auditor * * * and of a receiver of said community estate, and for a partition and division of all of the community estate, and for the sum of five hundred dollars ($500.00) of the separate estate of plaintiff, held by defendant; and she further prays that the court issue a writ of injunction, restraining defendant from applying for letters of guardianship upon the persons and estates of her children, and from disturbing her in the collection of rents from her estate and from threatening and annoying her by seeking to take from her her children, and for such other and further relief, both general and special, as in equity she may be entitled to, and in duty bound will ever pray."

[6, 7] It is so well settled in Texas as to be axiomatic and not to require the citation of authorities that pleadings not objected to below, except by the interposition of a general demurrer, as was the case here, will, in aid of their sufficiency, as a whole, be given upon appeal the broadest and most liberal construction consistent with their terms, every reasonable intendment being indulged in their favor; and especially is this rule applicable, we think, to the provisions of a bill in equity. It is true that particular averments of doubtful meaning, at least in pleadings at law, must be construed against the pleader, as was held in Webb County v. Board, 95 Tex. 131, 65 S. W. 878, and Snipes v. Bomar, etc., Co., 106 Tex. 181, 161 S. W. 1. But not so, it seems, when the construction is upon a bill in equity as a whole. In that situation the rule is thus stated in Ruling Case Law, vol. 10, p. 426, § 185:

"Possibly, however, a distinction may be pointed out between, on the one hand, the construction of the bill considered as a whole, that is, with regard to the type of the bill and the

nature of the equitable right involved, and, on the other hand, the interpretation of particular ambiguous allegations in the bill. It is certain that, in respect to the large features of the bill, it will be liberally construed so as to give effect to any real equity involved in the case. As to inherently ambiguous clauses and allegations, it may be conceded that the court cannot be so liberal."

Indeed, we have a statute outlining the broad equity powers of our district courts in this very kind of cases. R. S. art. 4634, which is as follows:

"The court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to real estate."

[8] When confronted with this statute, however, appellant replies that it simply defines the power of the court in such cases and does not undertake to prescribe the requisites of the pleadings necessary to invoke that power. He concedes the power of the court to do exactly what it did do in this instance, nor does he in this connection contend that the original decree was not properly set aside upon the proof of fraud made, nor yet that the money judgment against him for $13,741.41 was excessive in amount, inequitable, or for any reason unjust, but only that the personal judgment was not such as could be properly rendered under the pleadings and the prayer for relief. It may be freely conceded that in cases controlled by this statute it is still essential to comply with the fundamental rules of pleading, and that the cases of Long v. Long, 29 Tex. Civ. App. 536, 69 S. W. 428, and Bohan v. Bohan, 56 S. W. 959, so held; but that does not inveigh against the further, as we think, obvious conclusion that it is a clear declaration of the liberal policy of our law concerning the division of the community estate between those who have just been divorced, and should serve as a light and guide to the courts in likewise so construing the pleadings of the one invoking its provisions as to give effect to any real equities therein presented. In fact, we are not without an authoritative precedent from our own Supreme Court for that precise view, for in the early case of Simons v. Simons, 23 Tex. 344, when the statute was in all material respects the same as now, that court gave its unqualified sanction to the very kind of personal judgment that was rendered here, and that upon what, in effect at least, was practically the same general state of the pleadings. There, also, the wife prayed for an inventory of the community property, which, as in the case at bar, consisted of both real estate and personality, and "that one-half of it might be adjudged to her." The jury in accordance with the instructions of the court returned a schedule of all the common property, with their valuation thereof, which included two separately valued pieces of real estate, one of them the family residence. The court upon that verdict rendered a personal judgment in favor of the wife for one-half of the net value in money of the community property, together with a lien upon all of the husband's property to indemnify her against any outstanding community debts. In result and effect, we are unable to perceive a difference between that case and this. The court, in there commenting upon the purpose of the statute, said:

"This provision, taken as a whole, evidently intends to invest the district court with the power to exercise, within reasonable limits, a discretion in making partition of property between persons who are divorced by the court from the bonds of matrimony. The object of the statute seems to be to confer authority upon the district court to make such a decree as will attain right and justice between the parties, under the circumstances which may attend the particular case, and under the limitation imposed by the statute itself."

There are many other cases, upon different states of fact and pleading, applying the broad authority conferred by this statute, among them Owens v. Owens, 40 Tex. Civ. App. 641, 90 S. W. 664; Huntsman v. Huntsman, 147 S. W. 351; Moor v. Moor, 24 Tex. Civ. App. 150, 57 S. W. 996; and Rice v. Rice, 21 Tex. 68. But under the stated concessions of appellant, and as they do not turn upon the sufficiency of just such a pleading as was here involved, there need be no further elaboration of them.

Under these pleadings, if, after indulging every reasonable intendment in their favor, the test of sufficiency be what the adverse party is thereby put on notice of, as is suggested in Snipes v. Oil Co., 106 Tex. at page 184, 161 S. W. 1, supra, can it be said that Celli was not apprised of exactly what he would have to meet? Under the declaration of the right to and the demand and prayer for a general accounting as to the existence, condition, and value of the entire community estate, both real and personal, all of which the broad allegations of the bill embraced, did he not know that he would have to show the status in these detailed respects of the real estate, as well as of the personalty, upon both the date of the former and of the present trials? And if he did so know and would have had to so account, how can it still be said that he was also entitled to be further specifically charged with having either sold or converted to his own exclusive use and benefit the real estate? What more, as a matter of pleading, would he have known about the case he must meet, if he had been thus additionally charged?

[9] It seems to us that, under the broad scope of the pleadings here, the prayer for general relief in equity, despite the special prayer for a particular remedy not awarded, and the ample support in the proof of the fraud the jury found to have been practiced, there was an adequate basis for the judgment rendered. R. S. art. 1827; Trammell v. Watson, 25 Tex. Supp. 216; Silberberg v. Pearson, 75 Tex. 290, 12 S. W. 850; Lee v. Boutwell, 44 Tex. 154; Farrar v. Beeman, 63 Tex. 180; McMurray v. McMurray, 67 Tex. 667, 4 S. W. 357.

This member of the court entertains the further view that, although the petition did not in so many words allege conversion of the community property by appellant, it did state facts from which that result was a legitimate inference; and as the undisputed proof upon the trial—his own testimony, in fact—showed that Celli had not only converted it, but had reduced it to money, the court was not without the consequent authority to render a personal judgment against him for one-half of its properly ascertained value. But the inability of either of his associates to agree with him in this conclusion, thereby reducing it to an individual opinion only, restrains extended statement of it.

The previously stated conclusions of a majority of the court, however, require the affirmance of the trial court's judgment, and that order has accordingly been entered. Chief Justice PLEASANTS dissents and will write his views.

Affirmed.

PLEASANTS, C. J. (dissenting). Being unable to agree with my Associates in the conclusion that the judgment of. the trial court should be affirmed in its entirety, I will, in compliance with the statute, as briefly as I can, state the grounds of my dissent.

I fully concur in the holding of my Associates that, for the reasons stated in the opinion of the majority, none of appellant's assignments of error can be sustained unless some fundamental error is pointed out, and we all agree that, if the pleading is insufficient to support the judgment, fundamental error is shown, and the judgment cannot be affirmed.

In my opinion this suit, in so far as the purpose is to effect a division of the common property of plaintiff and defendant, is governed by the same rules of pleading that have been uniformly applied by our courts in partition suits, and the question of whether the plaintiff's petition is sufficient to entitle her to recover the value of her one-half of the property owned in common by her and the defendant, which the evidence shows has been sold by the defendant since the decree of divorce was granted, is in no way affected by the equitable nature of the suit, nor by the provisions of the statute quoted in the opinion of the majority, which authorizes a court

"pronouncing a decree of divorce from the bonds of matrimony to order a division of the estate of the parties in such way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any." No decree of divorce was pronounced in this case, and therefore this statute, the purpose of which was to broaden in divorce proceedings the general equitable powers of the court in making partition of partnership property, primarily for the better protection of the children, the fruits of an unhappy marriage, and also to authorize the court, as far as right and justice should permit, to take into consideration, in dividing the community property, the relative necessities of the parties and the innocence of the one party and the culpability of the other in the severing of the marital relations, has no application. The decree of divorce was granted nearly two years before this suit was brought, and that decree was not sought to be disturbed by this proceeding; the only portion of the original judgment in which the divorce was granted which plaintiff asked to have set aside being that awarding to defendant all of the community property belonging to the parties, except the lots given the children in which plaintiff was awarded a life estate. The rights of the children were fully protected by the original decree and by the judgment in this case, and appellant does not complain of that portion of the judgment. The parties have both remarried, and the question of which of the two was more culpable in making their divorce necessary was not an issue in this suit and could not be now inquired into with profit or propriety. Such being the case, it seems clear to me that the statute above quoted can have no possible bearing upon the question presented by this appeal. The suit is simply one to set aside a judgment disposing of property rights of the parties on the ground that such judgment was obtained by fraudulent misrepresentations, and to partition the specific property disposed of by said fraudulent judgment and enumerated and described in the petition in this. suit. The petition of the plaintiff, after alleging the fraudulent misrepresentations of the defendant by which she was induced to sign the agreement upon which the former judgment of July 9, 1914, disposing of her property rights, was based, contains the following:

"Plaintiff shows that at the time of the above statements and representations by defendant, through his agent, O. Del Papa, to wit, on or about the 9th day of June, 1914, plaintiff and defendant were husband and wife, having been married on the —— day of June, 1904, and had acquired the following described property with community funds:

"Lot fourteen and the west half of thirteen (L. 14 & W. ½ 13) in the northwest quarter of outlot ninety-one (91) and improvements,

purchased with community funds on February 1, 1906, from George W. Wythe.

"The east half of lot thirteen and the west half of lot twelve (E. ½ L. 13 and W. ½ L. 12) and improvements, in the northwest quarter of outlot ninety-one (91) in the city and county of Galveston, purchased with community funds on April 29, 1907, from Mrs. N. F. Branch.

"Lot No. three (3), in the southwest quarter of outlot ninety-one (91), purchased with community funds on December 1, 1910, from Mrs. Mary A. O'Shaugnessy.

"Lot four (4) and improvements, in the southwest quarter of outlot ninety-one (91) in the city and county of Galveston, purchased with community funds on January 15, 1912, from Jessie I. May.

"A saloon at 2402 Postoffice street, furniture, fixtures, leasehold and license, acquired about the year 1912, the exact date of which is not known, with community funds.

"A one-story brick building in the rear of 2402 Postoffice, acquired about the year 1913, with community funds.

"An undivided one-half interest and partnership acquired from L. W. Levy & Co., in a wholesale liquor business at 2401 Strand street, with community funds on or about the —— day of ——, 19—, which partnership was thereafter conducted under the name of Celli & Del Papa, said plaintiff and defendant having an undivided one-half interest in said partnership and its assets.

"One automobile, purchased during the year 1913, with community funds.

"And plaintiff further shows:

"That lots 13 and 14 and the west half of 12 in the northwest quarter of outlot 91 and improvements at the above dates are and were of the reasonable value of $10,000.

"That lots 3 and 4 in the southwest quarter of outlot 91 and improvements were of the reasonable value of $5,500.

"That the saloon at No. 2402 Postoffice street, including fixtures, lease, and license, were of the value of $4,500.

"That the brick building in the rear of 2402 Postoffice street was and is of the reasonable value of $2,000.

"That the automobile was and is of the reasonable value of $1,500.

"That the horse and buggy were and are of the reasonable value of $150.

"That the partnership interest of one-half in the firm of Celli & Del Papa and the assets of said business, as plaintiff is now informed and believes, is and was of the reasonable value of $25,000.

"That plaintiff has no information as to the community funds on deposit in bank and has been unable to obtain any information concerning same.

"That the community estate was of the reasonable value of about $48,500, and plaintiff's one-half was of the reasonable value of about $24,250, to which she was entitled."

Then follow allegations of plaintiff's ignorance, at the time the agreement was made, of what property was owned by the community estate and of the debts due by the estate and her reliance upon the representations made by the defendant. She also alleges her ignorance of the contents of the deed by which she conveyed her interest in the homestead to the children of herself and defendant, only reserving to herself a life estate therein as long as she should remain unmarried, and the further misrepresentations of the defendant by which she was made to believe that in signing said deed she was executing a will devising her interest in the property to her children.

The further allegations of the petition in any way material to questions we are considering are as follows:

"Plaintiff avers that said agreement induced by defendant's said false and fraudulent representations and without consideration to her and said deed and decree based thereon were inequitable and unfair and unjust to her, and she has been deprived of her proper share in said community estate thereby, and said deed and decree, in so far as it disposed of her community estate and restricted her right to marry with penalty of forfeiture of her estate, be set aside, avoided, or modified, and that defendant be required to account for and file inventory of all the community estate owned by plaintiff and defendant and controlled by defendant on July 9, 1914, and that an auditor be appointed to audit the accounts of defendant, and that a fair and equitable division and partition of the said community property be had and plaintiff's portion awarded her."

The prayer of the petition is correctly copied in the opinion of the majority.

From the foregoing allegations and the prayer of the petition it is thus apparent that the suit is one for partition of specific property which the plaintiff alleges is the common property of herself and defendant. There is no allegation from which it can be inferred directly or indirectly, or that intimates, that the property described in the petition and sought to be partitioned has been sold or disposed of by the defendant, and, in the absence of such allegation, it matters not what the evidence may have shown, plaintiff was not entitled to recover the value of the property. It is hardly necessary to cite authority in support of the proposition that evidence without pleading to support it cannot form the basis of a judgment, and that, to entitle plaintiff to recover the value of her one-half of the community property of herself and defendant, it was just as necessary to allege, as it was to prove, that defendant had sold or converted said property. No rule of decision is more established in the jurisprudence of this state.

The opinion of the majority, while recognizing this rule, refuses to apply it in this case, on the ground, if I correctly understand the opinion, that plaintiff's petition contains sufficient allegations, in view of the character of the suit and the provisions of the statute above quoted, to support the judgment.

If this statute could be held applicable in this case, it could not affect the question of the sufficiency of the pleading, because it cannot be construed as authorizing the court in a divorce case to disregard all rules of pleading and render a judgment without any allegations in the petition of facts entitling the plaintiff to such judgment.

The statement of the allegations of the petition made in opinion of the majority are merely general conclusions of the writer, no part of the petition being set out in the opinion except the prayer. As before stated, I have set out above every material allegation of the petition in regard to the property or property rights claimed by the plaintiff, and no case can be found, I care not what may have been the character of the suit, which holds that these allegations are sufficient to entitle a plaintiff suing for partition of partnership or community property specifically described in the petition to recover the value of the property if the proof upon the trial of the case shows that it has been sold by the defendant.

The case of Simons v. Simons, 23 Tex. 344, cited and relied on by the majority, does not sustain their contention. The appellant's brief in that case, as shown in the report of the case, assailed the judgment upon three grounds only:

"First. That the trial court erred in converting the proceeds of the sale of his (appellant's) separate property into community property. Second. In making the increase of lands (his separate property) common property. Third. In giving to the defendant a larger amount than the verdict would warrant."

It thus appears that no question of the sufficiency of the pleading was raised in the case. All that was necessary to an understanding of the question discussed in the opinion was to state that the suit was one for divorce and division of community property and for alimony, and this was all that the report shows as to the pleading, except that there was a prayer that defendant be required to file an inventory of the community property. All that the case decides is that none of the three objections to the judgment presented by the appellant could be sustained. I cannot see that this decision has any bearing upon the question presented by this appeal.

I think the judgment of the court below should be affirmed in so far as it sets aside the former judgment disposing of plaintiff's interest in the community property and fixes the rights of plaintiff and her children in the homestead property, but that portion of the judgment adjudging that plaintiff recover of defendant the sum of $13,641.41 should be reversed and remanded for a new trial on that issue.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes