### SHELTON MOTOR CO., Inc., v. HIGDON.

#### No. 2015.

Court of Civil Appeals of Texas. Eastland.

April 26, 1940.

Rehearing Denied June 7, 1940.

T. J. McMahon and Hudson Smart, both of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

FUNDERBURK, Justice.

In this suit, brought against Shelton Motor Company, Inc., by John L. Higdon, the plaintiff alleged that the defendant employed him "to work for defendant as a salesman, the contract beginning January 24, 1938 and continuing to September 3, 1938, at which time the contract was terminated by the defendant; that plaintiff was employed as a salesman with the agreement that the defendant would guarantee the plaintiff a salary of as much as $150 per month. Defendant paid plaintiff a commission on the cars sold and the commission on the cars sold has not amounted to the sum of $150 per month, but has amounted to only $726.41 for all the time plaintiff was employed; that the defendant is due plaintiff on the guaranteed amount the sum of $1050, leaving a balance unpaid of $323.-59, for which amount plaintiff here sues defendant."

The court overruled a general demurrer to plaintiff's petition; submitted the case to a jury upon special issues, and, in accordance with the verdict of the jury, rendered judgment for the plaintiff, from which the defendant has appealed.

By a single assignment of error the appellant alleges error in the action of the court in overruling its general demurrer to plaintiff's petition. Specifically, it is contended that said pleading is insufficient (1) "in that it fails to allege that the appellee gave any consideration for the agreement that appellant would guarantee the appellee a salary of as much as $150 per month"; and (2) "in that it fails to allege that appellee performed his contract, or that he partly performed his contract, or that he did any manner or form of thing which was accepted by appellant as performance of his contract."

Upon the question of the sufficiency of a petition to state a cause of action, such as here presented, when the judgment of the court is rendered in response to a general demurrer, the following statutes and court rules require consideration, namely: R.S. 1925, Arts. 2003 and 1997; Rules for the District and County Courts, 2 and 17, 142 xvii, xviii. The material requirement of Art. 2003 is that plaintiff's petition shall include "a * * * statement of the cause of action." The material requirement of Art. 1997 is that "pleadings in civil suits in the district and county courts shall * * consist of a statement * * * of the facts constituting the plaintiff's cause of action." The material provisions of Rule 2 are "pleadings * * * must be a statement of facts, in contradistinction to a statement of evidence of legal conclusions and of arguments." Said Rule 17 provides that "in passing upon such [previously referred to] general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency."

There is undoubtedly much conflict in the decisions relating to said statutory provisions and rules, an extended discussion of which may be found in our opinion in

Burton-Lingo Co. v. Morton, 126 S.W.2d 727. It is elementary, of course, that if there be any conflict between the statutes and the rules the statutes will control. Const.Art. 5, sec. 25, Vernon's Ann.St.; Missouri, K. & T. Ry. Co. v. Beasley, 106 Tex. 160, 155 S.W. 183, 160 S.W. 471.

The statutes require that plaintiff's petition include a "statement * * * of the facts constituting the plaintiff's cause of action." If the cause of action attempted to be alleged consists of three "facts" and only two "facts" are alleged, the pleading is insufficient to state a cause of action.

The meaning of the word "facts" as used in Art. 1997 is often misunderstood. Rule 2 was designed to make clear that the "statement of facts", of which a pleading is required to consist, is not (1) a statement of evidence, (2) nor a statement of legal conclusions, (3) nor of arguments. There has, perhaps, never arisen any question of a conflict between Rule 2 and the Statutes. Rules 2 and 17 were adopted at the same time (year 1877) as different parts of one comprehensive act establishing rules. They were, therefore, intended to be consistent and, if possible, should, of course, be so interpreted. It should require no argument that Rule 17—the every reasonable intendment rule—cannot be construed to permit the statement of a legal conclusion to be substituted for the statement of one or more of the "facts constituting the plaintiff's cause of action", without bringing said rule into conflict with Rule 2. In Lewis v. Hatton, 86 Tex. 533, 26 S.W. 50, 51, the Supreme Court, quoting from its earlier opinion in Guffey v. Moseley, 21 Tex. 408, reaffirmed that " 'The theory of our system of pleadings requires the parties to state the facts of their cases, *and not legal conclusions* deduced from these facts; that is, the material, issuable, substantive facts should be stated, and not the legal effect of those facts on the one hand, or matters which are merely subsidiary or evidence of the facts on the other.' " (Italics ours.)

Rule 17 has not infrequently been construed, not only inconsistent with Rule 2, but to the effect that upon general exceptions ambiguities in a pleading are to be resolved in favor of the sufficiency of the pleading. If such construction be correct, and, at the same time, not in conflict with the statutes, then it abrogates the common law rule that pleadings are to be construed most strongly against the pleader. But it has many times been declared

by the courts of this state that, notwithstanding Rule 17, specific allegations in a pleading are to be construed most strongly against the pleader. Snipes v. Bomar Cotton Oil Co., 106 Tex. 181, 161 S.W. 1; Western Union Tel. Co. v. Henry, 87 Tex. 165, 27 S.W. 63; Webb County v. Board of School Trustees, 95 Tex. 131, 65 S.W. 878; Pabst v. Roxana Pet. Corp., 125 Tex. 52, 80 S.W.2d 956; Wall v. Royal Ind. Co., Tex.Civ.App., 299 S.W. 319; Celli v. Sanderson, Tex.Civ.App., 207 S.W. 179; Meador v. Rudolph, Tex.Civ.App., 218 S. W. 520; Gillis v. Rosenheimer, 64 Tex. 243; Fort Worth v. Baptist Church, Tex. Civ.App., 268 S.W. 1016, Baker v. Galbreath, Tex.Civ.App., 211 S.W. 626; San Antonio Fire Fighters v. Bell, Tex.Civ. App., 223 S.W. 506; Broussard v. Mayumi, Tex.Civ.App., 144 S.W. 320; Hill v. Allison, 51 Tex. 390; Mueller v. Simon, Tex. Civ.App., 183 S.W. 63. In the late case of Pabst v. Roxana Pet. Corp., supra [125 Tex. 52, 80 S.W.2d 958], the court having in mind the "every reasonable intendment" rule, quoted approvingly from a Missouri case, Sidway v. Missouri Land & Live Stock Co., 163 Mo. 342, 63 S.W. 705, as also the rule applicable in Texas, the following: " 'And notwithstanding our statute * * * requires pleadings to be liberally construed, etc., *this only extends to the form of the pleadings, and does not apply to the fundamental requirements of a good pleading;* and the pleader is not allowed now, any more than formerly, by inserting doubtful or uncertain allegations in a pleading, to throw upon his adversary the hazard of correctly interpreting its meaning.' " (Italics ours.) The "facts" constituting the essential elements of a cause of action are "fundamental requirements of a good pleading." (It may be observed parenthetically that apparently the modern tendency is to belittle the importance of pleadings. Suggestions are to be heard these days for abolishing the requirement that pleadings allege the "facts constituting plaintiff's cause of action or the defendant's ground of defense." Such an attitude bespeaks a failure to appreciate the utility of pleadings in the administration of justice. It is deemed not inappropriate, in this connection, to quote the language of Chief Justice Stayton in Lewis v. Hatton, supra, as follows: "Where there is not such certainty [in pleadings], objections to evidence ought to be sustained, for a party ought not to be permitted to

prove what he has not averred. * * * The rules governing judicial proceedings should be such as to promote fairness, candor, and probity in every stage of a case, and to attain the ends of justice with the least possible indirection, and not such as to encourage duplicity, evasion, and deception, and to elevate subtlety, craft, and cunning to the vantage ground of learning, talent, and candor. Yet such would be the tendency of such rules as should not require the pleader to state fairly and specially the facts relied on to sustain his action or defense.")

Bearing in mind the statutes, rules and principles above mentioned, let us now apply them to the petition here under challenge. It is first alleged that the defendant "employed plaintiff to work for defendant as a salesman, the contract beginning January 24, 1938." "A contract", according to Williston, "is a promise or set of promises to which the law attaches legal obligations.". Williston on Contracts, vol. 1, sec. 1, page 1. When a cause of action is upon a contract a statement in plaintiff's pleadings to the effect that the parties made a contract, is the statement of a legal conclusion. Since employment creating the relation of master and servant, principal and agent, employer and employee, etc., results only from a contract, the averment in a pleading attempting to allege a cause of action upon the contract that "defendant employed plaintiff" is likewise only a conclusion of law. Was there one promise involved, or a set of promises? Who promised what? Was the promise of one party the consideration for a promise of the other party? If so, what were such promises? The averments of the petition here do not afford any answers to such questions.

How long was the contract to continue in effect? It is alleged that it did continue to "September 3, 1938." It was not alleged that that was the date the contract, by its own terms, was to end; but the contrary is clearly implied, since it is further alleged "at which time the contract was terminated *by the defendant.*" (Italics ours.) Did the defendant terminate the contract short of its contemplated duration because of some right given it by the terms of the contract to do so? Or, did the defendant terminate it in the exercise of a legal right to do so because plaintiff had breached his own obligations, if any, imposed by the provisions of the contract?

An inference of the latter is certainly just as reasonable as an inference of the former. In Houston & T. C. Ry. Co. v. Harris, 103 Tex. 422, 128 S.W. 897, 899, Judge Williams said that the "burden being on a plaintiff to establish the defendant's negligence, it sometimes happens, especially in actions for injuries which resulted in death, that the facts adduced leave the cause of the injury unexplained, or in doubt, so that it may as well be attributed to negligence of the injured person as to that of the defendant. The plaintiff should fail, not, as seems to have been assumed in some of the older cases, of which Texas & N. O. Ry. Co. v. Crowder, 76 Tex. [499], 500, 13 S.W. 381, is a type, because he must exclude the assumption of contributory negligence of the person injured, but because he must prove that of the person sought to be charged as a proximate cause of the injury, which he does not do so long as he leaves his evidence equally consistent with either hypothesis." Since evidence must be introduced in response to pleadings and its effect be limited by the pleadings, this same principle of the law of evidence is applicable to pleadings. If from an allegation in a pleading an inference of no liability is equally as reasonable as an inference of liability the pleading fails to state a cause of action. Such is the condition of the pleading now under consideration as respects the performance of plaintiff's obligations, if any, imposed by the contract. There is an entire omission to allege performance, or even what would constitute performance, but, on the other hand, there is an implication of nonperformance equally consistent with the unnamed performance, if any.

The allegation that the defendant "is due plaintiff on the guaranteed amount the sum of $1050" is purely a legal conclusion, there being no facts alleged from which such conclusion would follow.

Finally the contract of employment not being alleged to be in writing, it neither expressly nor by any reasonable implication alleges any consideration to support it. Consideration is one of the facts constituting an essential element of a cause of action, based upon an agreement claimed to constitute a contract. 17 C.J.S. Contracts, § 536, page 1167; Cisco & N.E. Ry. Co. v. Ricks, Tex.Civ.App., 33 S.W.2d 878 and authorities cited; Hardwicke v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W.2d 500 and authorities cited.

It is our conclusion that the court erred in overruling the general demurrer, that because thereof the judgment should be reversed and the cause remanded, which is accordingly so ordered.

## On Rehearing.

Appellee's motion for rehearing, while not convincing, does suggest the advisability of some further discussion.

We have held that plaintiff's petition was insufficient to state a cause of action because of the absence of any allegation of (1) a consideration to support the promise sought to be enforced, and (2) performance of the obligation, or obligations, if any, imposed by the alleged contract upon the plaintiff.

It may be conceded that if it had been alleged that defendant employed plaintiff as a salesman to sell cars for an agreed commission; that he had sold sufficient cars for the commissions to amount to $726.41; that he had been paid (say) $500, leaving a balance due of $226.41 for the recovery of which judgment was prayed, a cause of action would have been sufficiently pleaded. If so, that would be true only because of the nature of the particular contract so described. It would be such a contract as would result from the acceptance by plaintiff of an offer by defendant substantially thus: If you sell cars for us we will pay you a commission of $——— (or ——— per cent of the sale price, as the case may be) upon each car you sell. Under such a contract plaintiff would be under no legal duty to defendant to sell cars, or make any effort to do so. The defendant would be under legal duty to the plaintiff only if, and when, plaintiff sold a car. The contract would be one in which the performance of an *optional act,* if and when performed, would supply the consideration to support defendant's promise to pay the agreed commission. In a suit upon a contract of that nature, the allegation that plaintiff had sold cars sufficient for the commissions to amount to $726.41 would be an averment of a consideration legally sufficient to support the promise sought to be enforced, and at the same time it would constitute an averment of performance by the plaintiff, since under that kind of contract the very fact that the sales were made would be the only performance required.

According to the allegations of plaintiff's petition, the contract, sought by this suit to be enforced, includes a contract of the nature above stated, but also includes something more. It is only the "something more" which is here involved. The promise of defendant sought to be enforced was not to pay commissions, but to guarantee that the commissions would amount to $150 per month. In other words, a promise to indemnify against the failure of commissions to amount to $150 a month. Under that agreement so far as its provisions were disclosed by the petition, the plaintiff might not sell a single car—might not earn a dollar in commissions—yet defendant would be under legal obligation to pay by way of indemnity $150 a month. For such an agreement to create legal obligation, or, in other words, to constitute a contract, it was necessary, in order to supply a consideration, for plaintiff to bind himself to the performance of some duty to the defendant. If plaintiff, by the terms of the agreement, was under no duty to make any effort to sell cars—no duty to employ any particular time in such effort (and he was not so far as allegations of the pleading show) but was to be paid commissions only if, and when, he did make sales, then the promise to guarantee that the commissions upon such sales as were made would amount to as much as $150 per month was without consideration—a mere nudum pactum. The agreement, by its terms purporting to bind only one of the parties, did not constitute a contract binding either of them. To make a contract of such an agreement, it was necessary that a consideration be paid by, or for, the plaintiff, or that plaintiff (as a provision of the contract) have promised something imposing upon him a legal duty to defendant. There is no allegation that anything was paid by, or for, the plaintiff. The agreement not being in writing, there is no implication or presumption that anything was paid or promised. The allegations showing as they do, an employment to sell cars on commission, they rebut any implication, if one could otherwise exist, that anything was *paid* by plaintiff as consideration for the promise of indemnity.

If, therefore, the alleged agreement constituted a contract plaintiff must have promised something and thereby incurred the legal duty to perform such promise.

What was it? Did he have two or three hours spare time each day from some other employment and promised to devote that time to an effort to sell cars? Did he have Saturday afternoons off and promise to devote that time to such effort? Was he otherwise wholly unemployed and promised to devote all his time in the effort to sell cars? Any of these,—one equally with another,—would have been a consideration, but none of them, or any other, was alleged. Plaintiff's petition does not allege any promise, and, therefore, of course, does not allege the nature thereof, or that he performed it. The averment to the effect that plaintiff earned commissions in the sum of $726.41 was not the averment of a consideration since, as seen, that being the result of a voluntary act was no consideration for the promise of guaranty. Equally true it is, that it was not the averment of any fact showing performance of an obligation, no obligation having been alleged.

Suppose plaintiff had testified that as part of the alleged contract he promised to devote two hours a day to the effort to sell cars and that he did so. That would be evidence to show a cause of action—it would show both consideration and performance. But, how could defendant have prepared to meet such issues? Neither consideration nor performance was alleged. Suppose plaintiff testified that he promised to work at the business of selling cars, and did work, every Saturday afternoon, and it was for that promise that defendant agreed to guarantee that the commissions would amount to $150 per month? Again, evidence of consideration and performance; but an entirely different consideration, and different performance, of which the pleading gave no more notice than the other. Said different considerations and performances were just as certainly provable under the pleading in question as that plaintiff promised to devote all his time to selling cars, and did do so; or anything else which would show a duty and its performance.

We see no escape from the proposition that two facts essential to show a cause of action were not alleged nor implied from any facts that were alleged.

It is accordingly our conclusion that the motion for rehearing should be, and accordingly is, overruled.